John Burke, plaintiff in error, *vs.* Walter W. Lee, defendant in error.

1. Charge upon assumed state of facts, error.

2. Where one defendant to a *fi. fa.*, not named as security therein, but

claiming to be such, seeks to control it against a co-defendant, who is set forth as a security, to force contribution, he must proceed to obtain the legal control thereof under §§2166, 2170 of Code.

3. That plaintiff, or his representative, receipted such defendant on the *fi. fa.*, for money paid, as one of the securities, will not authorize the control of the execution against the other defendant who is named as security.

Charge of court. Principal and security. Executions. Before Judge BARTLETT. Wilkinson Superior Court. October Term. 1876.

Reported in the opinion.

LOFTON & BARTLETT; J. W. LINDSDAY, for plaintiff in error.

F. CHAMBERS, by brief, for defendant.

WARNER, Chief Justice.

This was a motion for a new trial from the verdict of the jury against the defendant, on the trial of an issue formed upon an affidavit of illegality on the grounds therein stated, which was overruled by the court, and the defendant excepted. It appears from the record and bill of exceptions, that Rozar, Lee and Burke, gave their promissory note to Lucinda Wright for the sum of $2,995.92, Burke signing his name thereto as security; that suit was instituted thereon against the parties in the character in which they signed the note, judgment was obtained against them in that character, and execution issued thereon—Burke, being the only party who was described as security in the note, judgment, and execution. It appears from the evidence in the record, that one Beall was appointed receiver in chancery of the estate of Lucinda Wright, and that he, by way of compromise, agreed to receive from Lee, one of the defendants in the *fi. fa.*, $208.58, in full satisfaction of said *fi. fa.*, which amount was paid by Lee, and the following entry made on the *fi. fa.*: "Received on the within *fi. fa.* $208.58, from W. W. Lee,

one of the securities. December 8, 1874. T. N. Beall, receiver of estate of Lucinda H. Wright." Lee had the *fi. fa.* levied on the property of Burke to collect one-half of the $208.58 which he had paid Beall, claiming that he had paid that amount in satisfaction of the *fi. fa.*, as the co-security with Burke; whereupon Burke filed his affidavit of illegality, alleging that the *fi. fa.* was proceeding illegally against him, in favor of Lee. On the trial of the case, the court charged the jury, amongst other things, that "if they believed, from the evidence, that Lee paid the plaintiff in *fi. fa.* $208.58 on said *fi. fa.*, he was entitled to enforce it against the defendant, Burke, security, for the purpose of making him contribute his portion of the sum paid, and that if the plaintiff recovered from Lee $208.58, and released him, on the payment thereof, from the payment of the debt, the *fi. fa.* being for $2,995,92 principal, and $884.12 for interest, and that the same was done without the consent of the defendant, Burke, still it did not release Burke, but that Lee could enforce the said *fi. fa.* against him for the purpose of making him contribute his *pro rata* of the amount paid." This charge of the court is the main ground of error complained of here. The charge of the court assumes that Lee was a co-security with Burke, whereas there is no evidence in the record that Lee was security at all, except the recital in the receipt of Beall on the *fi. fa.*, that he received the $208.58 from Lee as "one of the securities"; but that recital was not evidence against Burke, so as to authorize Lee to control the *fi. fa.* against him, as his co-security, to collect one-half of the $208.58 out of him. So far as the record and evidence shows, Burke was the security for Rozar and Lee. If Lee was in fact a co-security with Burke for Rozar on the note on which the judgment was obtained, then his remedy was to proceed according to the provisions of the 2166th and 2170th sections of the Code, and obtain the control of the execution by giving Burke notice, as required by the 2166th section, before cited, in regard to the principal in the judgment, inasmuch as the provisions of that section

are made applicable to joint sureties by the 2170th section. In view of the facts disclosed in the record, and the law applicable thereto, the charge of the court to the jury was error.

Let the judgment of the court below be reversed.