## PATTERSON *v.* CLARK *et al.*

Where an execution has been issued against two persons upon a judgment rendered against them jointly, it not appearing that either was a surety, a payment by either prima facie extinguishes the judgment lien against both; and hence where one of such joint judgment debtors has paid off the judgment, claiming to have been only a surety of the other, but without taking such steps as are required to have his true relation defined on the record, he is not entitled, in a contest exclusively between himself and others who are judgment creditors of the alleged principal, arising on a rule for the distribution of money realized from the sale of property of the latter under another execution, to control the execution so paid by him for the purpose of competing with other creditors claiming the money.

Argued April 20, — Decided May 20, 1897.

Money rule. · Before Judge Milner.   Catoosa superior court. February term, 1896.

G. W. Head and B. Z. Herndon, for plaintiff.
J. H. Anderson and R. J. & J. McCamy, contra.

LITTLE, J.   The contest. in this case arose under a rule issued at the instance of J. S. Patterson against the sheriff, requiring him to show cause why he should not, out of a certain fund realized from the sale of land as the property of J. H. Patterson, made under; a fi. fa. issued on a judgment rendered in the superior court in favor of Clark against J. H. Patterson, pay certain justice's court executions of older date than the Clark execution.   Upon the hearing, J. S. Patterson based his right to the fund upon an execution in favor of W. L. Whitman, administrator, etc., against J. H. Patterson and J. S. Patterson, for $52.90 principal, with interest, claiming that he was merely security for J. H. Patterson upon the obligation on which was founded the judgment from which the execution in favor of Whitman, administrator, was issued ; that that judgment was older than the judgment in favor of Clark against J. H. Patterson, under which the money was raised ; and that by virtue of being such security and having fully paid off the execution of Whitman, administrator, he claimed the right to control it, and the judgment on which it issued being of older date than the judgment of Clark, he was entitled to receive from the sheriff the amount due on the execution in favor of Whitman, administrator, as against the Clark execution.

It appears that the judgment in favor of Whitman was rendered against J. H. and J. S. Patterson jointly, and that J. S. Patterson nowhere appeared on the face of the judgment or execution issued thereon in any other capacity than as a joint principal.   J. S. Patterson, however, upon the hearing of the rule, testified to the fact of his suretyship ; and also to the fact that he had paid off the entire execution, which he was then seeking to control by reason of having paid the same as surety. The court refused to award the fund to J. S. Patterson under this claim, to which ruling Patterson excepted ; and the question is, whether he was entitled, on showing the facts claimed

by him to be true, to have the Whitman execution paid out of the fund to him as surety, in preference to the application of the fund to the Clark execution.

The law provides that if the fact of suretyship does not appear on the face of the contract, it may be proved by parol, either before or after judgment, the creditor not being delayed in his remedy by such collateral issue between the principal and his surety, if before judgment the surety shall give notice to the principal of his intention to make such proof. Civil Code, § 2984. If judgment has been rendered without such proof, the surety shall give at least ten days notice to his principal of his intention to apply, at the next term of the court where the judgment was entered, to make such proof and to have the fact of his suretyship entered of record, together with an order for the control of such judgment and execution thereon against the principal, on payment of the same by him. Civil Code, § 2985. It appears in this case, that the fact of suretyship did not appear on the face of the contract or obligation upon which the Whitman judgment was rendered, nor was the fact proven before the rendition of that judgment. The court below ruled that Patterson could not by making the proof that he was surety only, under the rule to distribute the money, have control of the execution and enforce it against a junior judgment; but that he could only obtain control of the execution by giving the required notice, having the fact of his suretyship entered of record, together with an order of control of the judgment and execution by the court where such judgment was rendered. In this we think the court was right. The judgment in question was issued against J. H. and J. S. Patterson jointly. It appeared to have been paid, and, under the evidence, by J. S. Patterson. Then prima facie the judgment was paid and the lien against each of these defendants thereby extinguished. The fact of suretyship not appearing on the face of the contract, the judgment or execution, if in fact J. S. Patterson was surety for J. H. Patterson and had paid off the execution, his right to control it against his principal became operative only when he himself had taken certain steps to have the fact of his suretyship adjudicated; and until this

was done, he was not entitled to control the execution, but the same would be regarded as paid. *Adams* v. *Keeler*, 30 *Ga.* 86; *Burke* v. *Lee*, 59 *Ga.* 165. Not having taken the required steps in the forum pointed out by law to have the fact of his suretyship entered of record, and the authorized order issued, Patterson was not entitled in this contest, being between himself and others who are judgment creditors of the alleged principal, to control the execution so paid by him, for the purpose of contesting with such creditors in the distribution of the fund.

*Judgment affirmed. All the Justices concurring.*