## DURDEN *et al. v.* ROYSTER GUANO COMPANY.

1. A petition by a judgment creditor of a husband, attacking a conveyance of land by the husband to his wife as fraudulent and as made to hinder, delay, and defraud his creditors, and seeking to impound the proceeds of a sale of the land by the wife, was not demurrable for want of equity and on the ground that the plaintiff had an adequate remedy at law.

2. There was no error in excluding testimony that the husband was a mere surety on the judgment debt.

3. The reference, in the charge to the jury, to the husband as the principal defendant was not harmful to the defendant wife.

4. The exceptions to the part of the charge stating the contentions of the plaintiff are not meritorious.

5. The court having given a full charge upon the precise issue involved in the attack upon the deed from the husband to the wife (which charge is not excepted to as inaccurate, incomplete, or incorrect in the statement of the law), a failure to give in charge section 3230 of the Civil Code, relating to preference of a creditor by a debtor, was not erroneous in the absence of a written request, although it would have been pertinent and appropriate under the facts.

6. The verdict for the plaintiff was authorized by sufficient evidence.

No. 4071. APRIL 30, 1924. ADHERED TO ON REHEARING, JUNE 20, 1924.

Equitable petition. Before Judge Hardeman. Emanuel superior court. October 13, 1923.

*T. N. Brown,* for plaintiffs in error.

*A. S. Bradley, Guy Alford,* and *G. C. Powell,* contra.

BECK, P. J. The Royster Guano Company brought its equi-

table petition against L. E. Durden, his wife, Luvenia Durden, and others. In the petition it was shown that L. E. Durden and other defendants named were indebted in amounts stated to the plaintiff, which had obtained judgments upon which executions had been issued for these amounts. Petitioner attacked, by appropriate allegations, a certain conveyance made by L. E. Durden to his wife, of a described tract of land, alleging that the sale to the wife was not bona fide, but was made for the purpose of hindering, delaying, and defrauding his creditors; and that the wife had sold and conveyed the land to another person, and had received the value thereof and deposited it in certain banks, which were also named as defendants for the purpose of securing an injunction against their paying out the money, etc. Plaintiff did not seek to set aside the conveyance referred to, executed by Mrs. Durden, but sought to impound the proceeds of the sale, deposited by her in the banks, on the ground that it was in the nature of a trust fund and should be adjudged to be the property of the plaintiff, a creditor of L. E. Durden. It attacked certain other conveyances, alleging conspiracy to defraud, etc. But the contest, under the evidence, was narrowed down to the issue as to whether the funds in the banks should be subjected to the demands of the plaintiff, because of the character of the funds and the fraud in the conveyance as alleged.

1. The demurrer upon the ground that there was no equity in the petition, and that the plaintiff had a common-law remedy, is without merit; and the court properly overruled the same.

2. The court did not err in excluding the parol evidence offered to show that L. E. Durden was a mere surety, under the provisions of section 3558 of the Civil Code, and the cases of *Patterson* v. *Clark*, 101 *Ga.* 214 (28 S. E. 623), and *Warthen* v. *Melton*, 132 *Ga.* 113 (63 S. E. 832, 131 Am. St. R. 184).

3. The reference in the charge of the court to L. E. Durden as "the principal defendant" could not have been harmful to the movant. In one sense he was the principal defendant. He was the defendant who, it was alleged, made the conveyance to his wife which is attacked as being fraudulent. He was defendant in both executions, and hence in one sense of the word he was the principal defendant. But even if it be conceded that the wife was the principal defendant, inasmuch as she lost by the verdict of the

jury, the charge could in no way have prejudiced the case against the defendant L. E. Durden. Under the court's charge the jury were instructed as to the rights of the plaintiff and the facts which it was essential it should prove in order to recover. The statement that the individual named was the principal defendant could in no way affect the weight of the evidence offered, nor the burden of proof upon the various issues involved.

4. The fourth ground of the amended motion for a new trial contains exceptions to portions of the court's charge stating the contentions of the plaintiff. The exceptions are, first: "Because it is contrary to law and equity." The excerpt is a lengthy one, and in the main presents the real issue involved in the case, eliminating the contentions which are not disputed. If there was any particularly objectionable feature of the charge, it is not pointed out; and the exception, being to the entire charge set forth in the ground of the motion, is without merit, parts of it being unexceptionable. The other exception to the charge is, that, while the court detailed facts favorable to the plaintiff, he "failed to detail the undisputed facts favorable to the defendant." The exception is without merit, because where an exception is to a part of a charge, it is not good ground of exception that the court failed to charge in that connection some other principle or rule of law. The ruling here made in principle covers the exception to the charge contained in the next succeeding ground of the motion.

5. The last ground of the motion for new trial contains the exception that the court failed to charge section 3230 of the Civil Code, relating to preference by a debtor of one creditor to another. The failure to give this section in charge was not error. While it would have been a pertinent and appropriate charge under the facts, the failure to give it, in the absence of a written request, is not ground for a new trial, inasmuch as the court gave a full charge upon the precise issue involved in the attack upon the deed from L. E. Durden to his wife; charging, in substance, that if the husband executed the conveyance to his wife for the purpose of hindering, delaying, or defrauding a creditor in the collection of his debt, and if the wife took with notice of such intention, the deed would be void as to creditors; but that on the other hand, if the husband made the conveyance to his wife in good faith, without the intention upon his part to hinder, delay, or defraud

creditors, but bona fide and for a valuable consideration, the deed would not be void and was a valid conveyance, and in that case the verdict should be for the defendants. There is no exception to this charge on the ground that it is inaccurate, incomplete, or incorrect in the statement of the law.

6. The evidence was sufficient to authorize a finding in favor of the plaintiff. "Fraud may not be presumed, but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence." Civil Code, § 4626. "When a transaction between husband and wife is attacked for fraud by the creditors of either, the onus is on the husband and wife to show that the transaction was fair." Civil Code, § 3011.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*