## Case No. 9,703.

### MOLYNEAUX v. MARSH.

[1 Woods, 452.] [1]

Circuit Court, S. D. Georgia. April Term, 1871.

PRACTICE IN EQUITY — DECREE — SATISFACTION— EXECUTION—HOW ARRESTED—SEVERAL DEFENDANTS—EFFECT OF COMPROMISE WITH SOME—BILL OF DISCOVERY—COSTS.

1. If a decree be satisfied, the execution should be arrested on motion, without a new bill.

2. When a decree is rendered against several defendants, a compromise by complainant, with some, as to their portion of the debt, does not release the other defendants.

3. If a creditor chooses to take fifty per cent. on the dollar from some of his debtors, no promise made to them will compel him to accept payment at a similar rate from others.

4. Where several persons are liable for the same debt, each one is entitled to know what amount of money the creditor has received; and for such purpose may cite the creditor to a discovery, by complying with the rules in such cases. Should the creditor refuse to make the disclosure, he will be liable to the costs of a bill of discovery.

In equity. Heard upon motion for injunction.

A. R. Lawton, for complainant.
Wm. Daugherty, for defendant.

BRADLEY, Circuit Justice. On the 20th day of May, 1871, the defendants obtained against the complainant and others, a decree in this court, declaring that they, the defendants, were judgment creditors of the Merchants' & Planters' Bank of Savannah to the amount in the aggregate of $435,000, and had exhausted their remedies at law, and that the now complainant and the other defendants in that case were stockholders of said bank and had in their hands, respectively, portions of the capital stock of the same unpaid, in the proportion and amounts named in the decree, amounting in the aggregate to $631,642, of which the estate of Edmund Molyneaux, represented by the complainant as administrator, held $96,480, and it was by said decree ordered, adjudged and decreed, that the complainants in said former suit (the defendants in this suit) should have and recover of the defendants in that suit, so much of the aforesaid several sums of money in their hands, respectively, as would pay off and discharge the demands of the complainants therein, and that execution should issue accordingly; and as to the estate of the said Molyneaux, it was ordered and decreed, that execution should issue, to be levied upon the goods and chattels, lands and tenements in the hands of the said administrator to be administered. The complainants in such former suit have sued out an execution against the Molyneaux estate as directed in the decree, and the marshal has levied on a house in Savannah belonging to the estate. The present bill is filed to obtain, and the applica-

1 [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

tion is for an injunction to prevent the sale of the property levied on, to arrest further proceedings on said decree, and to administer all the affairs of the bank through the medium of the receiver heretofore appointed.

The question of referring the claims of the complainants in the former suit to the administration of the receiver was one of the issues fully discussed and determined in that suit, and it was held that the complainants were entitled to proceed in the manner which they had adopted, and that the fund against which they were proceeding, to wit, the unpaid stock, was not in the receiver's hands, but was liable to be subjected to the payment of the judgments obtained by those complainants. According to the views of the court and the terms of the decree, the complainants were entitled to issue executions against each and all of the defendants without any other restrictions than these, namely: that no greater sum should be levied on the property of any defendant than the amount of unpaid stock, which, by the decree, was found to be in his hands, and that no greater sum in the aggregate should be raised from the property of all the defendants than the amount due the complainants; such were the rights of the parties at the rendition of the decree. The question now is, whether, since the decree, the complainants in that case have done anything to curtail their rights, and subject themselves to the relief now prayed against them. If their claims have been paid and satisfied, the execution ought certainly to be arrested. But that could and should be done on motion without a new bill. It is not pretended, however, that the claims have been paid. The bill complains that the complainants in the former suit have taken an inequitable course, by receiving fifty per cent of the amount of their stock from some of the defendants, and agreeing to demand no more from them until all the stockholders shall have paid a similar proportion, and by refusing to make a similar arrangement with the complainant in the present suit. However capricious and partial this conduct may appear, it is not a legal ground of defense to the execution. The complainant is only required to pay the amount found in his hands by the decree. The bill, however, alleges that the complainants in the former suit, by their agents, proposed and agreed to make a similar arrangement of fifty per cent. with all the defendants. But it does not allege that any such agreement was made with the complainant in this suit, nor that he parted with any consideration in consequence of any such proposition, and from the answer it is apparent that, at most, the agents and solicitors of the complainants in the former suit told some of the parties with whom they did make such arrangement, that they would do the same with others that might come into it. Surely such a declaration as this could not create a binding obligation to such other persons. It could, at most, only affect the validity of the arrangement made with those to whom the declaration was made. But I do not imagine that it could even have that effect. It is totally unlike the case of a debtor making a composition with his creditors. In that case, the consent of one creditor to the composition is a consideration for the consent of the others, so that all are bound thereby. But this is a case of a creditor dealing with his debtors. If he chooses to take fifty cents on a dollar from ninety and nine of them, no promise made to them will obligate him to take that proportion from the one hundredth, and for the plain reason that none of the ninety and nine give up any consideration which they were not legally bound to pay. The bill further alleges, and it is admitted by the answers, that the complainants in the former suit have also made similar arrangements with, and received money from, stockholders who were not parties to that suit. This, surely, cannot injure the complainant, but must, pro tanto, benefit him, for it tends to lighten the burden which the decree has cast upon his shoulders. As to the allegation, that these transactions have been privately made so that the complainant cannot know what amount of money the defendants have received; it is sufficient to say, that the case is not different from all other cases where several persons are liable for the same debt; each one is always entitled to know what money the creditor has received, and if he has any doubt on the subject, he may always cite the creditor to a discovery, by complying with the rules in such cases. In the present case the bill does not allege, and the answers do not disclose, that the claims or any considerable portion of them have been paid. The complainant is, undoubtedly, at all times entitled to a full and frank disclosure of the amounts which the defendants may have received, and if they refuse to make such disclosure they will be liable for the costs of a bill of discovery, but nothing of that kind, even, is alleged. In all these respects, therefore, the bill is without foundation, and this is the sum and substance of its allegations.

A fact is disclosed, however, by the answers, which has given me some embarrassment. It appears that the solicitors of the complainants in the former suit, in making the beforementioned arrangements or compromises with the defendants therein (as well as with other stockholders), have made them for the equal benefit of the said complainants, and of all other billholders whom they represent, of whom there appear to be several. These outside billholders have received $42,500 of the $113,500 which have been collected. I cannot precisely see where the said complainants get authority to do this. The decree of the court, subjecting the unpaid stock to the payment of the judgment creditors, at whose instance it was obtained, and making it a trust fund in the hands of the stockholders for that purpose was not made for the benefit of cred-

itors at large. Whether billholders or others, creditors at large cannot reach that fund, and the court will not reach it for them. The defendants, by suffering creditors at large to share with them the proceeds of this fund, which the court has enabled them to lay their hands on for their own benefit alone, must at least be accountable for the amount so appropriated. It seems to me they must account for the whole amount of $113,500, which has been collected from this source, and any other amount which they may hereafter collect in the same manner. But as this amount, when credited on the decree, does not relieve the complainant from any part of his burthen, the injunction must be denied, but without costs.