HUCKABY *et al. vs.* SASSER, administrator.

1. There being no issuable defence filed under oath, a judgment, legal in all respects except that the judge did not himself sign it, but which was entered on the minutes which were signed by the judge, was not invalid.

2. That in a *fi. fa.* the letters "secty" were written after the name of one of the defendants, and that these letters did not occur in the judgment, did not render such *fi. fa.* inadmissible on a proceeding to revive the judgment, when offered solely for the purpose of showing that it had been paid off and transferred to such party, he being the substantial plaintiff.

3. If a *fi. fa.* be paid off by one of the joint defendants therein and transferred to him, he is entitled to have it revived on becoming dormant, in the name of the plaintiff for his use.

October 10, 1882.

Judgments. Practice in Superior Court. Evidence. Debtor and Creditor. Before Judge HOOD. Terrell Superior Court. May Term, 1882.

Reported in the decision.

D. A. VASON; L. C. HOYL, by brief, for plaintiffs in error.

GUERRY & PARKS, for defendant.

CRAWFORD, Justice.

The questions brought up for our adjudication in this case arose upon a *scire facias* to revive a judgment sued out by A. Sasser, administrator, for the use of John H. Kitchens, against James P. Huckaby.

1. Upon the trial below, when the original or dormant judgment was offered in evidence, it was objected to upon the ground that it had been rendered in a suit in which there had been no issuable defence filed under oath, and was not signed by the judge, his signature to the minutes of the court being insufficient in law. This objection was

overruled by the court, and constitutes the first assign ment of error. Under the decisions heretofore made by this court touching the legality of such judgments, we hold that there was no error in overruling the defendant's objection and admitting the judgment. 61 *Ga.*, 26; 60 *Id.*, 407.

2. The plaintiff then offered in evidence the *fi. fa.* issuing from the said judgment, for the purpose of showing that the same had been paid off by, and transferred to him, which was objected to, because it appeared that the letters "secty" were written in the *fi. fa.* after the name of John H. Kitchens, when the same did not appear in the judgment. This objection was also overruled, and the *fi. fa.* admitted. The letters following the name of Kitchens did not affect the *fi. fa.* in a motion to revive the judgment, in so far as it was intended to be used as testimony to show that he had paid it off, and that it had been transferred to him, and having been put in evidence alone for that purpose, it was admissible.

3. The counsel for the defendant then moved to dismiss the case, because the plaintiff was not entitled to revive this judgment, the proof showing that he was only a co-defendant, and as a co-defendant he had no right to use the judgment as such, which motion the court overruled, and the defendant again excepted and assigned the same as error.

Section 3599 of the Code provides that "where judgments have been obtained against several persons, and one or more of them has paid more than his just proportion of the same, he or they may, by having such payment entered on the *fi. fa.* issued to enforce said judgment, have full power to control and use said *fi. fa.* as securities in *fi. fa.* control the same against principal or co-securities, and shall not be compelled to sue the co-debtors for the excess of payment on such judgment."

Section 3610 provides that a *scire facias* to revive a judg-

ment, where the same has been transferred, may issue in the name of the original plaintiff for the use of the transferee.

Judgment affirmed.