MILLER *v.* PERKERSON *et al.*

128 465
f129 860

1. The issue in an illegality case is that made by the affidavit of illegality, and for the purpose of trying that issue the fi. fa., with the entry of levy, and the affidavit of illegality, constitute the pleadings.

2. If in the trial of such issue the fi. fa. be introduced as evidence, it may nevertheless be specified as record. The bill of exceptions will not be dismissed because the fi. fa. is referred to in the bill of exceptions as being attached thereto, though not otherwise identified; but the omitted record will be sent for and attached to the transcript.

3. Joint defendants who have paid an execution against themselves and others, and procured a written transfer of it from the plaintiff in fi. fa., may enforce the execution against other joint defendants for contribution. The recital in the transfer, that it was for value, prima facie imports full payment of the debt; but if a less amount was paid, a defendant not included among the transferees would be entitled to share the favorable settlement made by the transferees with the common creditor. The joint defendant who has not paid or tendered his share of the common debt can not arrest by affidavit of illegality the progress of the execution, in order to enforce the payment of his ratable portion of the judgment, without showing some illegality in the proceeding to enforce the judgment or execution.

Submitted April 18,—Decided June 13, 1907.

Illegality. Before Judge Gober. Cobb superior court. February 13, 1906.

*H. B. Moss* and *B. T. Frey,* for plaintiff in error.

*D. W. Blair* and *J. P. Cheney,* contra.

30

EVANS, J.   A fi. fa. for $4,279.70, principal, besides interest, in favor of James N. Cheney as executor of A. J. Cheney, against D. T. Miller and twelve others, issued from the superior court of Cobb county.  Various payments, aggregating $1,806.54, were credited upon the fi. fa. as having been received in stated amounts from nine of the joint defendants.  Subsequently these nine defendants procured from the plaintiff in fi. fa. a written transfer to them of the fi. fa., and the judgment upon which the same was founded, with all the rights to enforce and collect the fi. fa. as fully as the plaintiff had, the transfer purporting to be for value received.   The transferees caused this fi. fa. to be levied upon the property of D. T. Miller, a codefendant; and to the levy Miller interposed an affidavit of illegality, which was returned to the superior court.   Upon the conclusion of the evidence the court directed a verdict in favor of the plaintiff, ordering the fi. fa. to proceed. The defendant Miller sued out a bill of exceptions, in which was incorporated the oral evidence submitted at the trial, and reference was made to the fi. fa., with the entries thereon, which was introduced in evidence at the trial, and which was attached to the bill of exceptions, after the judge's certificate, without further identification.   Upon the call of the case in this court the defendant in error submitted a motion to dismiss the bill of exceptions, on the ground, that it contained a recital that the fi. fa. had been introduced as evidence upon the trial of the case, and was attached thereto as an exhibit, but the fi. fa. was not identified in any way by the presiding judge; and that without a consideration of this evidence it would be impossible for the court to determine whether error was committed on the trial of the case.

1-2.  When a fi. fa. has been levied, and a meritorious affidavit of illegality and bond have been delivered to the levying officer, it is his duty to return the execution and affidavit and bond to the next term of the court from which the execution issues, and it shall be the duty of the court, at the first term after the return, to determine thereon, unless the plaintiff desires to controvert the facts contained in the affidavit, in which case the issue shall be joined and tried by a jury as in other cases.   Civil Code, §4838. The issue is that made by the affidavit of illegality, and for the purpose of trying that issue the fi. fa. with the entry of levy, and the affidavit of illegality, constitute the pleadings.  *Wactor* v.

*Marshall,* 102 *Ga.* 746. Where a defendant in fi. fa. sets up grounds, by way of affidavit of illegality, against the enforcement of the fi. fa., the burden is upon him to prove the allegations of the affidavit. He may avail himself of any entry which appears upon the execution, without a formal introduction of the same in evidence. Should there be any entry upon the fi. fa., the effect of which would be to discharge the levy, the defendant could avail himself of this infirmity of the plaintiff's process, by motion made to the court to dismiss the levy. Pleadings are necessary in a court of record, and those contemplated in an illegality proceeding, by the various code sections, are the plaintiff's execution and the defendant's affidavit of illegality. If, on the trial of the issue raised by these pleadings, the fi. fa. be introduced as evidence, it does not lose its character as pleading, and may be specified as record, in a bill of exceptions sued out from the judgment rendered in the case. If from any inadvertence there be an omission to specify the fi. fa. in the bill of exceptions as part of the record, the bill of exceptions will not be dismissed, but the omitted record will be sent for and attached to the transcript as a part thereof. Civil Code, §5536, par. 4, 5.

3. The defense set up in the affidavit of illegality was, that it did not appear, from the entries on the fi. fa., that the execution had been fully paid; that the transfer of the fi. fa. to some of the codefendants was for an amount less than the debt and amounted to a discharge of the fi. fa. against the defendant, who did not participate, and who was ignorant of the transfer; and that in no event could the fi. fa. proceed against him for contribution, until the amount that he would be liable to pay had been judicially ascertained. The only evidence introduced by the defendant was that of the attorney of record for the original plaintiff in execution, who testified, that he had received the payments made by the defendants, which were credited on the fi. fa., and that more money had been paid than the credits on the fi. fa. showed, but that he was not able to recall these amounts. When he transferred the fi. fa. to the nine defendants whose names appear in the transfer as purchasers, he did not receive in actual cash the balance due, but took their notes for it; and the plaintiff had no further interest in the fi. fa. No other conclusion can be drawn from this evidence than that the fi. fa. had been paid in full by the defendants to

whom it was transferred. It is true that a portion of the amount due on the fi. fa. was paid by a note. The creditor accepted this as cash; and as there is no suggestion of insolvency of any of the makers, or that the note was given collusively for the purpose of enforcing a larger contribution from a codefendant, it will be treated as payment, relatively to the codefendant. So the case narrows itself, on its merits, to the single question of compliance by the defendants who paid off the fi. fa. with the Civil Code, §5376, in order for them to obtain contribution. That section is as follows: "When judgments have been obtained against several persons and one or more of them has paid more than his just proportion of the same, he or they may, by having such payment entered on the fi. fa. issued to enforce said judgment, have full power to control and use said fi. fa. as securities in fi. fa. control the same against principal or cosureties, and shall not be compelled, as heretofore, to sue the codebtors for the excess of payment on such judgment."

Several of the payments made by the defendants to whom the fi. fa. was transferred are credited thereon as having been made by them at certain times. The recital in the transfer that it was made for value received would authorize the inference, in the absence of anything to the contrary, that the plaintiff in fi. fa. had received from the transferees the full amount due thereon. In the case of *Huckaby* v. *Sasser,* 69 *Ga.* 603, it appeared that one joint defendant had paid off the fi. fa. and had it transferred to him. He allowed it to become dormant, and sued out a scire facias to revive the judgment. Objection was made that he was not entitled to revive this judgment, under these circumstances. The court held that under the code section above quoted, he was entitled to have it revived in the name of the plaintiff for the use of the transferee. If in point of fact the fi. fa. was assigned to some of the codefendants for less than the full amount, a defendant not included among the transferees would be entitled to share in the favorable settlement made by the transferees for themselves. 9 Cyc. 800. Whatever advantage one joint defendant may acquire in dealing with the common creditor inures to all the joint defendants to their common benefit, because it is as unjust to compel one joint defendant to bear more than his just proportion of the common burden, as it is to compel him to bear more than his

share of the burden of the common debt. Owens v. McGehee, 61 Ala. 440. But one codefendant can not arrest the enforcement of the fi. fa. for contribution for the benefit of the codefendants who have discharged the same, even by a compromise, without first paying or tendering his proportion of the common debt actually paid by them. Where several joint defendants are liable for the same debt, each one is entitled to know what amount of money the creditor has received; and if the transferees from the original plaintiff refuse to give him the information, he may, in a proper case, obtain a discovery of the amount actually paid. Molyneaux v. Marsh, 1 Woods, 452. So that in either event, whether we treat the payment of the balance of the fi. fa. by note as the equivalent of a payment with money, or entirely eliminate it and construe the transaction relating to the assignment of the fi. fa. as in the nature of a compromise, the joint defendant who did not pay anything on the fi. fa. was liable to his codefendants for contribution, and the joint defendants who paid the fi. fa. are entitled, under the Civil Code, § 3991, to control the same for the purpose of obtaining contribution.

*Judgment affirmed. All the Justices concur.*