## WARTHEN *v.* MELTON.

1. Where a transferee of an execution sues out a garnishment proceeding against one who has funds in his hands belonging to the principal debtor, one of the defendants in the execution, said garnishment proceeding being based on the judgment on which the execution was founded, a judgment rendered in favor of such transferee, while conclusive against the garnishee, may be attacked by the principal debtor, the defendant in fi. fa., on the ground that subsequently to its rendition the judgment, upon which the transferred execution was founded, had been paid off and discharged prior to the institution of the garnishment proceedings.

2. The parol evidence offered at the trial, to show that one of the defendants in the execution was merely a surety, was properly excluded.

3. The court did not err in charging the jury as follows: "If you believe from the evidence that Mathew Melton, one of the defendants, paid off this fi. fa. and had the same transferred to him, I charge you that that would be a settlement of the fi. fa., and it would be your duty to find the issue in favor of the plaintiff, Eli E. Melton," it not appearing from the recital in the transfer that the transferee had complied with the provision in § 5376 of the Civil Code, by having the amount of the payment made entered on the fi. fa.

4. Where a plaintiff in fi. fa. or a transferee of the execution accepts a sum of money from one of the joint defendants in such fi. fa., and "agrees to relieve him and does release him" from further liability under said fi. fa., the other defendants are also released and the fi. fa. is discharged.

5. There was no abuse of discretion in overruling the ground of the motion based on the alleged newly discovered evidence.

Submitted July 23, 1908.—Decided February 19, 1909.

Motion to set aside judgment. Before Judge Martin. Marion superior court. December 14, 1907.

The Buena Vista Loan & Savings Bank obtained, in the county court of Marion county, a judgment against Eli E. Melton, Mathew Melton, and R. T. Melton, upon which judgment a fi. fa. issued on the 26th day of August, 1895. On December 19, 1895, said fi. fa. was transferred to Mrs. Mathew Melton (now Mrs. Caroline Warthen, the plaintiff in error). Eli E. Melton is a son and heir at law of Mitson Melton, deceased, and Troy

8

Melton is the administrator on the estate of the deceased. On December 2, 1902, Mrs. Melton sued out a summons of garnishment against said administrator, and a verdict was rendered in her favor for the sum of $130.29. At the April term, 1903, of the superior court of said county, Eli E. Melton, one of the defendants, filed his motion to set aside the judgment against the garnishee, on various grounds; but at the hearing, all the grounds except the second and fifth, as amended, were abandoned; and these are as follows: "Because since the rendition of the original judgment in said case, and before the suing out of said garnishment proceedings and the rendition of the judgment in said garnishment against said garnishee, to wit, on the 19th day of December, 1895, said execution and the judgment upon which the same was founded were paid off and discharged by Mathew Melton, one of the defendants in said original fi. fa. and judgment; said payment made to Joe J. Dunham, the attorney of record for said original plaintiff, Buena Vista Loan & Savings Bank, who was then the owner and holder of said fi. fa. and judgment." And further, "Because since the rendition of the original judgment in said case, and before the rendition of the judgment in said garnishment, or the suing out of said process, to wit, on the 4th day of April, 1896, Mrs. Math (Caroline) Melton, the alleged transferee, received from R. T. Melton, one of the defendants in said original fi. fa. and judgment, the sum of twenty-five dollars, agreeing to release the said defendant upon the payment by him of fifty dollars, which sum of fifty dollars was paid by said R. T. Melton, one of the defendants, to Mrs. Math (Caroline) Melton, to wit; twenty-five dollars on the said 4th day of April, 1896; sixteen and one half dollars on April the 17th, 1896; and eight and one half dollars on May 4th, 1896; which said payments and release were a full discharge and payment of said original fi. fa. and the judgment upon which the same was founded." Mrs. Melton filed an answer to the original motion to set aside the judgment, and also a plea of res judicata. The jury returned a verdict in favor of Eli E. Melton. Mrs. Melton filed a motion for a new trial, the grounds of which appear in the decision. The motion was overruled, and she excepted.

*W. D. Crawford,* for plaintiff in error.

*Henry C. Cameron* and *S. T. Pinkston,* contra.

BECK, J. (After stating the facts.)

1. Where one who is a transferee of a judgment sues out a process of garnishment against another, and the latter, in answer to the summons of garnishment, admits that he is indebted to the defendant in execution, and thereupon the plaintiff enters a judgment against the garnishee for the sum admitted by him to be due the principal debtor, such a judgment, while conclusive against the garnishee, does not conclude the defendant in execution, upon proper pleadings, from attacking the judgment against the garnishee and showing that the judgment and execution, upon which the garnishment proceedings were based, had in fact been paid off and discharged prior to the institution of the garnishment proceedings. If the execution held by the transferee in this case had actually been paid off or discharged by the defendants in fi. fa., or the transferee had done any act which in law operated as a release of the defendants in fi. fa., and, notwithstanding, proceeded to enforce the same as a valid subsisting lien upon the property of the defendants therein, and obtained a judgment as stated above, such a judgment was obtained by fraud as against the principal debtor, and should be set aside upon proper pleadings instituted for that purpose.

The question in this case as to whether the petition filed by the defendant in execution, which was termed "a motion," was sufficient in form or not has not been raised by demurrer or otherwise, although the defendant in the petition to have the judgment against the garnishee set aside, in addition to making denial of certain allegations in the petition and setting up certain other matters responsive to the charges, did plead: " That said judgment should not be opened and set aside for the reasons alleged in plaintiff's motion, for the reasons that the defenses therein set out were matters that by proper diligence the plaintiff in said motion could and should have ascertained and pleaded at the trial of said garnishment case, which was had in Marion superior court on the 27th day of October, 1903, said court having jurisdiction, of the subject-matter and the defendant in said garnishment, and that the same is res adjudicata and should not be set aside." In regard to which plea, it is sufficient to observe that no issue between the principal debtor and the plaintiff in garnishment was determined by the judgment taken in that case, because the

principal debtor was not a party to the garnishment proceedings. Rood on Garnishment, § 375; *Foster* v. *Haynes,* 88 *Ga.* 240 (14 S. E. 570).

2.    On the trial of the case the plaintiff in error offered parol evidence to show that Eli E. Melton "was principal in said judgment and fi. fa. [the basis of the garnishment proceedings], and that R. T. Melton and Mathew Melton were only securities." The court refused to admit this evidence, upon which ruling error is assigned. The judgment and execution on the face of each appears to be against all of the defendants as principals. The fact of suretyship does not appear on the face of the execution, nor, so far as we know, upon the face of the contract; and that being the case, the party seeking to enforce the execution was not entitled in this contest to show by parol evidence that certain parties defendant, who appear to have been joint principals, were in fact only sureties. *Patterson* v. *Clark,* 101 *Ga.* 214 (28 S. E. 623).

3.    Error is assigned upon the following charge of the court: "If you believe from the evidence that Mathew Melton, one of the defendants, paid off this fi. fa. and had the same transferred to him, I charge you that that would be a settlement of the fi. fa., and it would be your duty to find the issue in favor of the plaintiff, Eli E. Melton." The exception to this part of the charge is not well taken. The execution in question in this case is against Mathew Melton and two other defendants. It would have been competent for either of the defendants to pay the execution against himself and the others, and take a written transfer from the plaintiff in fi. fa., and the fi. fa. would have been enforceable in favor of the transferee against the other joint defendants for their proportion of the amount so paid as the consideration of the transfer of the fi. fa., if the defendant making the payment had complied with the provisions of the Civil Code, § 5376, and had entered on the fi. fa. the payment made. That it was made for a "valuable consideration" does not authorize the inference that the plaintiff in fi. fa. had received from the transferees the full amount due thereon, and there was no entry appearing on the fi. fa. to show what amount was actually paid by the transferee. In the case of *Miller* v. *Perkerson,* 128 *Ga.* 465 (57 S. E. 787), it appears that several of the payments made by the defendants, to whom the fi. fa. was transferred, were credited

thereon as having been made, and in the transfer appears a recital to the effect that the transfer was made for "value received." It was held in that case that the expression "for value received" would authorize the inference, in the absence of anything to the contrary, that the plaintiff in fi. fa. had received from the transferees the full amount due thereon. Without questioning that ruling, we are unwilling to amplify it to the extent of holding that the recital which appears on the fi. fa. appearing in this record would authorize the same inference. And, without the support of such an inference, the contention of the plaintiff in error, in respect to the charge in question, must fail.

4. Under the evidence in this case the court did not err in instructing the jury that if they should find from the evidence that the transferee of the fi. fa. had "accepted a certain sum of money from R. T. Melton, one of the defendants to said fi. fa., and agreed to relieve him and did release him," the other defendants would also be released and the fi. fa. discharged. *Powell* v. *Davis,* 60 *Ga.* 70.

5. There was no abuse of discretion in overruling the ground of the motion based on the alleged newly discovered evidence.

*Judgment affirmed. All the Justices concur.*