## BORDERS *et al. v.* VANCE.

FISH, C. J. 1. An assignment of error upon the overruling of an exception to an auditor's report, on the ground, that "A number of objections to testimony were made on the hearing by the [parties excepting], which will be found by reference to the record, and no ruling at all has been made by the auditor on these objections," is too vague and indefinite to raise any distinct question for decision by this court.

2. Where in one view of a case referred to an auditor an accounting is necessary, and in another view an accounting is unnecessary, and although the auditor finds in favor of the view which renders an accounting unnecessary, it is good practice for him to alternatively report an accounting, so that if on exception his primary finding should be overruled, such accounting could be considered and the entire litigation passed on and concluded without a re-reference.   Yet where the auditor found in favor of one party on a basis which rendered an accounting unnecessary, and this finding was confirmed by the presiding judge, if this court affirms the judgment, the overruling by the presiding judge of a motion to re-refer the case to the auditor, for the purpose of having an accounting made and reported by him, will not be reversed.

3. Where a judgment was rendered against two persons as signers of a promissory note, and the execution thereon was transferred by the plaintiff therein to another for value received and by him transferred, by written assignment entered on the fi. fa., for a stated amount to one of the defendants therein, prima facie this last transferee would be entitled to enforce such execution against the property of the other defendant for contribution.   *Miller* v. *Perkerson*, 128 *Ga.* 465 (3), (57 S. E. 787).

4. If the execution so transferred was levied on certain land of the other defendant therein, which was sold at sheriff's sale, even if the transferee was indebted to the defendant on general claims enough to have settled the execution, the sale thereunder would not be void, if there had been no actual settlement or application of such claims to the fi. fa. and no cancellation thereof.

5. If the transferee had an agreement with the executor of the defendant against whose property it was being enforced, as to the price at which the property should be sold and the discharge of this and other executions by the sale, and if at the sheriff's sale an announcement was made that the sale was merely to perfect the title, and the holder of the execution bought the land and took a sheriff's deed thereto, these facts may have rendered the sale and the sheriff's deed thereunder voidable, but did not make them void.

6. If a sheriff's sale and the deed made in pursuance thereof were voidable because of collusive conduct between the executor of the deceased defendant in fi. fa. and the holder of the execution, and because of an announcement at such sale calculated to affect the bidding, yet if, before any steps were taken to avoid them, the purchaser sold to another, who bought bona fide for value and without notice, such person would acquire a good title as against persons claiming as legatees of the defendant in fi. fa., and not under any disability, whose land was sold at the sheriff's sale; and if so, a purchaser under him would also acquire a good title.

7. If the purchaser from the person who bought at the sheriff's sale was affected with notice of facts of the character above indicated which would render the sale voidable as against him, but sold the property to another who bought bona fide for value and without notice, the last purchaser would acquire a good title as against persons claiming to be legatees, and not under any disability, under the will of the defendant in fi. fa.

8. If the last purchaser had a good title for the reasons above stated, questions of prescription or other contentions which would not affect the result need not be considered.

9. The auditor found that the title acquired by the purchaser at the sheriff's sale was not void, though voidable, and that the purchaser from such person and the one to whom this purchaser sold the property took bona fide for value and without notice, and thus acquired a good title. The presiding judge approved the finding, the evidence was sufficient to authorize it, and none of the exceptions to the auditor's report requires a reversal.        *Judgment affirmed. All the Justices concur.*

FEBRUARY 21, 1910.

Exceptions to auditor's report. Before Judge Gober. Gordon superior court. October 28, 1908.

*Joseph Lang, W. E. Mann,* and *Julian McCamy,* for plaintiffs in error.

*Neel & Neel, O. N. Starr,* and *T. W. Skelly,* contra.