WALLACE *v.* BODDIE *et al.*

LUMPKIN, J. 1. Where several persons gave a promissory note by which they jointly and severally promised to pay to the payee or order a stated amount of money, and this was signed by each of the promisors separately, on its face this was not a note of a partnership, but of the individuals who signed it.

2. Where three notes of the character indicated in the preceding headnote were given, and certain payments were made upon one of them, and thereafter transferees of the notes brought suit thereon against the makers and obtained judgments, upon which executions were issued, if two of such makers paid the amount of the executions in full and had an entry made on each of them, stating such fact and transferring it, the defendants to whom the transfers were made could enforce the executions against the other defendants therein for contribution, in the manner pointed out by section 5971 of the Code of 1910.

(a) This is true although the notes may have been given for the purchase-price of a stallion, with a view to using him for stud purposes, and thereafter the parties may have so acted as to create a partnership relatively to third persons if not among themselves.

3. Where suit was brought upon a joint and several promissory note against the makers thereof, and a judgment was rendered against them, and execution issued thereon; if two of such makers paid off the amount of the execution, and had made thereon an entry, signed by the attorney for the plaintiff, reciting that the two defendants "having paid this execution, the same with the judgment is transferred to them without recourse," such entry imported on its face that the two named defendants had paid the execution in full, and was a sufficient compliance with the Civil Code (1910), § 5971, to authorize them to proceed as in that section provided.

(a) Such an entry was more certain than that involved in *Miller* v. *Perkerson*, 128 *Ga.* 465 (57 S. E. 787), *Warthen* v. *Melton*, 132 *Ga.* 113 (63 S. E. 832, 131 Am. St. R. 184), or *Borders* v. *Vance*, 134 *Ga.* 85 (67 S. E. 543).

4. Under the evidence there was no abuse of discretion in refusing to wholly enjoin the defendants in fi. fa., to whom the executions had been transferred, from enforcing them for contribution. The partial interlocutory injunction which was granted is not made the subject of complaint.

5. While the statement of the presiding judge in his order granting an injunction that he found certain facts was doubtless intended to mean that he only determined them sufficiently to furnish a basis for the interlocutory injunction which he granted, and while such might be

construed to be its effect, it is not best on an interlocutory hearing to declare or adjudge that certain facts are true, lest it might seem to be a final adjudication on that subject. Direction is accordingly given that the order be so modified as to show that such is not the case. *Bleyer* v. *Blum & Co.*, 70 *Ga.* 558; *Florida Central R. Co.* v. *Cherokee Sawmill Co.*, 137 *Ga.* 815 ("4 S. E. 523).

*Judgment affirmed, with direction. All the Justices concur.*

APRIL 10, 1912.

Petition for injunction. Before Judge Freeman. Troup superior court. October 25, 1911.

*A. H. Thompson,* for plaintiff, cited *Ga. R.* 1/200; 4/543; 2/18; 8/292; 27/40; 73/406; 75/795; 122/798; 6 *Ga. App.* 822; Civil Code, § 3155; Gilmore on Partnership, 31; 23 Cyc. 1470; 17 Am. & Eng. Enc. L. 863; 27 Id. 227; 24 Am. D. 264; 33 Am. D. 423.

*S. Holderness,* for defendants.