### BABB v. BRUMBY, for use, etc., et al.

BECK, J. A fi. fa. in favor of T. M. Brumby was issued against W. F. Summerour, T. J. Bryant, and others. Certain of the joint defendants other than W. F. Summerour paid the principal, interest, and costs of the execution, "in full settlement" of the same, and subsequently to the payment procured a written transfer of the execution from the plaintiff in fi. fa., and had the same levied upon certain property as the property of W. F. Summerour, for the purpose of enforcing contribution. While under the authority of *Miller* v. *Perkerson*, 128 *Ga.* 465 (57 S. E. 787),

construing § 5971 of the Civil Code, joint defendants who have paid an execution against themselves and another defendant, and procured a written transfer of it from the plaintiff in fi. fa., may enforce the execution against such other joint defendant for contribution, nevertheless where it appeared, from the evidence introduced on the hearing of an issue made by a party who interposed a claim as against the levy of the execution to enforce contribution, that at the time of the payment of the execution it was agreed between the joint defendants paying the same and the other defendant that the promissory note of the latter should be taken for his part of the amount for which the execution was issued, and that this note was taken and had been negotiated and was outstanding in the hands of other parties, the fi. fa. was discharged and was functus officio, and could not be enforced against the defendant giving the note nor his privies in estate; and this defense could be set up by a claimant who had purchased property from the defendant in fi. fa. against whom contribution was sought.

(a) Under this ruling, the verdict in favor of the plaintiff in fi. fa. against the claimant was without evidence to support it.

Judgment reversed. All the Justices concur.
JUNE 11, 1914.

Claim. Before Judge Fite. Whitfield superior court. August 2, 1913.

*Maddox, McCamy & Shumate,* for plaintiff in error.

*George G. Glenn,* contra.