CITY OF WAYCROSS *et al.* v. WAYCROSS SAVINGS & TRUST Co. *et al.*

GILBERT, J. 1. Trustees whose duty it is to manage religious, charitable, educational, or other public trusts are not required to make returns to the ordinary. *Ford* v. *Thomas,* 111 *Ga.* 493 (2), 502 (36 S. E. 841).

2. Under the facts of this case the judge did not abuse his discretion in denying an interlocutory injunction.

3. On the hearing of an application for an interlocutory injunction the judge should not undertake to finally adjudicate disputed issues of fact, but should only determine whether the same authorize the interlocutory relief sought. *Florida Central R. Co.* v. *Cherokee Sawmill Co.,* 137 *Ga.* 816 (74 S. E. 523).

4. The property of a Young Men's Christian Association, used solely for purposes of public charity, using the term "charity" in its broad sense, is not taxable, provided its income is not used, nor intended to be used, as dividends or profits. If any part of the property is used for purposes of private or corporate profit or income, such property is taxable.

5. The judgment is *affirmed,* with direction that it be modified in accordance with the foregoing rulings.                    *All the Justices concur.*

OCTOBER 20, 1916.

Petition for injunction. Before Judge Summerall. Ware superior court. January 8, 1916.

The City of Waycross and the tax-collector of Ware County filed an equitable petition for injunction and receiver, against the Trustees of the Young Men's Christian Association and others. At the interlocutory hearing, the judge revoked the restraining order, discharged the temporary receiver, and held that the property in dispute was not subject to taxation, under the constitution. To this ruling the plaintiffs excepted.

*Parker, Walker & Parker,* for plaintiffs. *J. L. Sweat, Parks & Reed,* and *Wilson & Bennett,* for defendants.