MILLTOWN MANUFACTURING COMPANY *v.* BRAY & COMPANY.

GEORGE, J.  1. Under the pleadings and the evidence submitted upon the hearing the judge did not abuse his discretion in refusing an interlocutory injunction.

2. On the hearing of an application for an interlocutory injunction, the presiding judge should not undertake to finally adjudicate questions of law raised. by demurrer, or to finally determine disputed issues of fact, but should consider the demurrer and pass on such issues. of fact only so far as to decide whether the interlocutory relief should be granted or refused. *City of Waycross* v. *Waycross Savings &c. Co.*, 146 *Ga.* 68 (3) (90 S. E. 382); *Davison-Nicholson Co.* v. *Pound*, 147 *Ga.* 447 (2) (94 S. E. 560). Construed in its entirety, the legal conclusions and findings of fact incorporated in the order refusing the interlocutory injunction were not intended by the trial judge as final, and are not to be given that effect.

*Judgment affirmed. All the Justices concur.*

No. 1244.  MAY 15, 1919.  REHEARING DENIED JUNE 14, 1919.

Petition for injunction.  Before Judge Thomas.  Lowndes superior court.  October 22, 1918.

*Quincey & Rice* and *Dan R. Bruce*, for plaintiff.

*Patterson & Copeland* and *Whitaker & Dukes*, for defendants.