12393, 12424. EASTERLING *v.* ADAMSON *et al.,* administrators; *and vice versa.*

STEPHENS, J. 1. Where an execution issues against two defendants, and is afterwards by the plaintiff in fi. fa. transferred to one of the defendants "for value received," and the transfer is indorsed upon the execution, and there is no entry upon the execution of any amount paid thereon by such defendant, such action amounts to a settlement of the execution, and such defendant taking the transfer of the execution can not, under the Civil Code (1910), § 5971, enforce the execution against the other defendant to compel a contribution. *Warthen* v. *Melton,* 132 *Ga.* 113 (3) (63 S. E. 832, 131 Am. St. Rep. 184).

2. Assuming that the defendants in execution were partners, and that the execution was against the partnership, such person who paid up the execution and took the transfer was nevertheless, being a member of the partnership, a party defendant to the execution, and, as a condition precedent to acquiring any rights under the execution which he could enforce against a codefendant, would still have to comply with the provisions of the Civil Code (1910), § 5971.

3. In a proceeding by one claiming under the transferee of the execution, to enforce the same against the other defendant, an affidavit of illegality filed by the latter, setting out the above facts and alleging that the execution had been settled and extinguished, contained a good defense. A verdict and judgment sustaining the affidavit of illegality was demanded as a matter of law, and the court did not err in overruling the motion for a new trial, filed by the transferee.

*Judgment affirmed on the main bill of exceptions; cross-bill of exceptions dismissed. Jenkins, P. J., and Hill, J., concur.*
DECIDED FEBRUARY 28, 1922.

Affidavit of illegality; from Tattnall superior court — Judge Sheppard. March 16, 1921.

*Hines, Hardwick & Jordan, A. S. Way,* for plaintiff.

*W. T. Burkhalter, S. B. McCall,* for defendants.