HURLBUTT FARM *v.* MEDDERS, sheriff, *et al.*

GILBERT, J. 1. The property of an educational institution of the character described in the petition, if used, as alleged, for purely "religious, charitable, and educational" purposes, is not taxable, "provided its income is not used, nor intended to be used, as dividends or profits." *City of Waycross* v. *Waycross Savings & Trust Co.,* 146 *Ga.* 68 (4) (90 S. E. 382).

2. Buildings erected for and used as a college, incorporated academy, or other seminary of learning, which are exempt from taxation under the Civil Code, § 998, embrace the land upon which such buildings are located and the land adjacent thereto necessary for their proper use, occupancy, and enjoyment. *Mayor etc. of Gainesville* v. *Brenau College,* 150 *Ga.* 156 (2) (103 S. E. 164).

3. It was agreed between the parties: "that the value of the property of the petitioner upon which taxes have been assessed and for which execution has issued, not actually in use for the location of the buildings and grounds of the educational institution in question and as a necessary part of the actual operation of said institution, is one half of the value of the entire property." In view of this agreement recited as a part of the judgment, the court did not err in ordering that "the execution proceed for one half its principal amount, with interest on said proportion; and that further proceedings under said execution, except as herein permitted, be restrained until the further order of the court."

*Judgment affirmed. All the Justices concur.*

No. 3923. JANUARY 16, 1924.

Petition for injunction. Before Judge Tarver. Gordon superior court. July 2, 1923.

Hurlbutt Farm filed a petition against the tax-collector and the sheriff of Gordon County, alleging, that petitioner is an association or corporation conducting a purely religious, charitable, and educational institution; that it has no corporate stock, and by the terms of its charter cannot and does not declare dividends; that the object of petitioner is the building and operating of schools

for the education of worthy but poor boys and girls, instructing them in general educational and agricultural subjects; and the general welfare of society; that in connection with its school it operates a farm; that only nominal tuition is charged, a portion of which is paid in labor; that operation of the school results each year in a deficit, which is made up by voluntary contributions and donations; that the tax-collector has issued, and the sheriff is proceeding to collect by levy, an execution issued against the property of petitioner consisting of school buildings, dormitories, and numerous outbuildings, located upon 347 acres, more or less, of described land used by petitioner in the operation of its school for educational and charitable purposes only; that the sheriff is · advertising the property for sale on a given date; that all of said property is, under the constitution and laws of Georgia, exempt from taxation, and said execution is therefore void. The prayer is that the officers named be restrained by injunction from enforcing collection of the execution. The petitioner excepts to the order of the court quoted in the last headnote, contending that all of its property is exempt from taxation.

*J. H. Paschall,* for plaintiff.   *J. G. B. Erwin,* for defendants.