ATLANTA MASONIC TEMPLE CO. *v.* CITY OF ATLANTA.

HINES, J. 1. The court properly rejected, upon objection thereto by the defendant, the testimony of an affiant, offered by the plaintiff, that as the result of years of study, observation, and experience, he was firmly

convinced that the Masonic Order in America is a purely altruistic, charitable institution, and that the practice of charity is the only real excuse for its existence. The question under examination was not one of opinion; and if it had been, such testimony was a mere opinion and conclusion of the witness, who was not shown to be an expert, without the facts upon which such opinion and conclusion was based. Civil Code (1910), § 5874.

2. For the reason just stated, the court did not err in rejecting, on objection thereto by the defendant, the testimony of an affiant, offered by the plaintiff, that the Masonic bodies which hold stock in the Atlanta Masonic Temple Company are charitable societies.

3. The court did not err in rejecting, on objection of the defendant, the testimony of an affiant, when offered by plaintiff, that all of the bodies meeting in the building of the plaintiff contribute to various local charities, in addition to the Scottish Rite Hospital for crippled children, and in addition to contributions to various foreign relief funds, both during and since the world war. This testimony was irrelevant.

4. For the reasons above given, the court did not err in rejecting, on objection of the defendant, the testimony of an affiant, when offered by the plaintiff, that the Masonic fraternity is now and has ever been a charitable or benevolent association or institution, as have also been its subordinate lodges.

5. The court did not err in rejecting, on objection of the defendant, when the same was offered by the plaintiff, a letter from the city attorney to one of the city assessors, in which he stated that this court had decided that Y. W. C. A. property is exempt from taxation under the charity clause of the State constitution. This testimony was clearly irrelevant.

6. Under paragraph 2 of section 1 of article 7 of the constitution of this State, the General Assembly is authorized to exempt from taxation "all institutions of purely public charity." Civil Code (1910), § 6554. In pursuance of this power, the legislature has exempted from taxation "all institutions of purely public charity." Civil Code, § 998.

7. The Atlanta Masonic Temple Company was chartered for the purpose of building, furnishing, and controlling a Masonic temple for the use of the various Masonic bodies in the City of Atlanta, and the business to be carried on by this company is the renting and maintaining of said building. The company rents for a business purpose a store in said building for $250 per month. The rest of the building is rented out to the Board of Masonic Hall Trustees. This board is composed of a member selected by each of the various Masonic bodies named in the application for the charter of the plaintiff. This board pays the expense of operating the building, and pays rent to the plaintiff for the portions of the building occupied by these Masonic bodies. The amount of money necessary for this purpose is raised by a per capita assessment on the bodies referred to. The amount of money so raised, while not fixed, must be sufficient to pay the taxes and insurance on the building and repairs of the same. Much of its stock is not owned by Masonic bodies. The Masonic bodies occupying the building of the plaintiff own approximately sixty-three per cent. of its capital stock. Some of its capital stock is owned by persons who are not Masons.

Any stock held by Masonic bodies, in case of forfeiture or surrender of the charter, goes to the remaining bodies in proportion to their holdings. The stock held by individuals is subject to call for purchase by the Masonic bodies referred to, on payment of principal with six per cent. interest thereon. In these circumstances the plaintiff is not a purely charitable institution, although the various Masonic bodies which rent and occupy portions of its building may contribute to charities; and for this reason the building of the plaintiff is not exempt from taxation under the constitution and laws of this State. *Trustees of the Academy of Richmond County* v. *Bohler*, 80 *Ga.* 159 (7 S. E. 633); *Massenburg* v. *Grand Lodge*, 81 *Ga.* 212 (7 S. E. 636). Under the constitution of this State, productive property is taxable, even though the income be used for charitable purposes. *Linton* v. *Lucy Cobb Institute*, 117 *Ga.* 678 (45 S. E. 53); *Brenau Association* v. *Harbison*, 120 *Ga.* 929 (48 S. E. 363, 1 Ann. Cas. 836); *City of Waycross* v. *Waycross Savings & Trust Co.*, 146 *Ga.* 68 (4) (90 S. E. 382); *Hurlbutt Farm* v. *Medders*, 157 *Ga.* 258 (121 S. E. 321).

8. Applying the above principles, the trial judge did not err in refusing to grant a temporary injunction restraining the City of Atlanta from assessing the building of the plaintiff for city taxes.

*Judgment affirmed. All the Justices concur.*

No. 5237. MAY 13, 1926. REHEARING DENIED JUNE 28, 1926.

Petition for injunction. Before Judge Humphries. Fulton superior court. September 16, 1925.

*W. H. Terrell, W. F. Slaton,* and *R. H. Jones Jr.,* for plaintiff.
*J. L. Mayson* and *C. S. Winn,* for defendant.