22360. BLAND LUMBER COMPANY *v.* PERKINS.

402

Decided January 7, 1933. Adhered to on rehearing, February 18, 1933.

*R. S. Wimberly, Arnold & Battle,* for plaintiff.

*G. Y. Harrell, Felton & Felton,* for defendant.

Jenkins, P. J. This was a claim case. The execution, which had been issued originally against a number of named persons as defendants, was transferred in writing by the plaintiff to a named corporation, "for value received." It appeared, without dispute, however, that the consideration for the transfer was less than the face value of the fi. fa., and was furnished by one of the joint defendants in the fi. fa., who testified that he was in fact the owner of the execution. The court dismissed the levy.

■ "In a claim case the claimant may attack the execution on any ground which could then be urged by the defendant in fi. fa." *Ansley Co.* v. *O'Byrne,* 120 *Ga.* 618 (48 S. E. 228).

■ The Civil Code (1910), § 5971, provides as follows: "When judgments have been obtained against several persons and one or more of them has paid more than his just proportion of the same, he or they may, by having such payment entered on the fi. fa. issued to enforce said judgment, have full power to control and use said fi. fa. as securities in fi. fa. control the same against principals or cosecurities, and shall not be compelled, as heretofore, to sue the codebtors for the excess of payment on such judgment." Accordingly, where an execution issues against two or more defendants, and is afterwards by the plaintiff in fi. fa. transferred to one of the defendants, who has paid less than the full value of the fi. fa., but more than his just proportion of the same, and the transfer is endorsed upon the execution merely "for value received," and there is no compliance with the above section of the code by having such payment entered on the fi. fa., the debtor taking such transfer can not enforce the execution against the other defendants to compel a contribution. *Easterling* v. *Adamson,* 28 *Ga. App.* 257 (110 S. E.

757). This ruling follows that of the Supreme Court in *Warthen* v. *Melton,* 132 *Ga.* 113 (3) (63 S. E. 832, 131 Am. St. R. 184), where the court held that there was no error in charging the jury in effect that, if they believed from the evidence that one of the defendants paid off the fi. fa. "and had the same transferred to him," such would amount to "a settlement of the fi. fa.," where it did not also appear from the recital in the transfer that the transferee had complied with the provisions of the code, "by having the amount of the payment entered on the fi. fa." The rule as to compliance with § 5971 of the code is also recognized in *Borders* v. *Vance,* 134 *Ga.* 85 (3) (67 S. E. 543), where the written assignment entered on the fi. fa. was "for a stated amount" to one of the defendants therein; also in *Wallace* v. *Boddie,* 138 *Ga.* 30 (3) (74 S. E. 756), where the court held that "an entry signed by the attorney for the plaintiff, reciting that the two defendants 'having paid this execution,' . . imported on its face that the two named defendants had paid the execution in full," and was consequently a sufficient compliance with the provisions of the code section mentioned. The same principle is followed in *Register* v. *Southern States Phosphate Co.,* 157 *Ga.* 561 (3) (122 S. E. 323), where the terms of the assignment of the execution stipulated that it had been "paid in full," and the court for this reason held that the transferee was entitled to enforce the same for contribution against his codefendants. There the court, as in each case, recognized the principle that the amount of the payment as entered on the fi. fa. must be stated. The decision in *Miller* v. *Perkerson,* 128 *Ga.* 465 (57 S. E. 787), relied upon by counsel for plaintiff in error, is not inconsistent with the ruling here announced. In that case it appears from the opinion that "various payments, aggregating $1,806.54, were credited upon the fi. fa. as having been received in stated amounts from nine of the joint defendants," and that "subsequently these nine defendants procured from the plaintiff in fi. fa. a written transfer to them of the fi. fa. and the judgment upon which the same was founded." Under the circumstances narrated, the court in that case went on to say, however, that "the recital in the transfer that it was made for value received would authorize the inference, *in the absence of anything to the contrary,* that the plaintiff in fi. fa. has received from the transferees the *full amount due thereon.*" (Italics ours). In the instant case, there being no

entries of payment by the transferee, indicating that he "has paid more than his just proportion of the same," and consequently was entitled to contribution, the transferee was incapable of controlling the fi. fa. for the purpose of contribution; and the words of the assignment, "for value received," could not come to his relief, under the language in the *Miller* case, on the theory that the amount to which he was entitled was the full amount called for by the fi. fa. More especially would the ruling in the *Miller* case fail to have application where, as here, the admission of the transferee himself shows beyond dispute that the amount paid was *not* in point of fact the face value of the execution, but, on the contrary, that the fi. fa. was transferred to him for less than one-third of the amount called for. In the instant case, not only are there no entries of payment by the transferee showing *some* right to contribution on his part, which entries, if such had been made, together with the words "for value received," might, under the *Miller* case, be taken primarily to imply *full payment,* but here the evidence conclusively shows that no such implied full payment was in fact made. If there was not full payment, there is no entry in compliance with the statute, showing what payment, if not full payment, had been made, so as to give the transferee the right to enforce the existing fi. fa., in lieu of suing his codebtors for the excess payment, as he was compelled to do prior to the enactment of the statute embodied in the code section mentioned. Accordingly, since there was no proof to indicate that the transferee of the original plaintiff had complied with this code section, he was not entitled to control and enforce the execution against his codefendants, and the court did not err in dismissing the levy.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*