**UNITED STATES ex rel. MARCUS v. HESS et al.**

Civil Action No. 748.

District Court, W. D. Pennsylvania.

May 4, 1945.

See, also, D.C., 41 F.Supp. 197.

Marvin D. Power and Margiotti, Pugliese & Casey, all of Pittsburgh, Pa., for plaintiff-respondent.

Morris Feldstein, of Pittsburgh, Pa., for petitioners.

Charles F. Uhl, U. S. Atty., of Pittsburgh, Pa., and J. Gregory Bruce, of Washington, D. C. (Francis M. Shea, Asst. Atty. Gen., and Joseph M. Friedman, Sp. Asst. to Atty. Gen., on the brief), for the United States.

SCHOONMAKER, District Judge.

Judgment was entered in this case against all defendants (except Robert C. Carmack) on March 22, 1941, for $315,100.91, and costs.

An agreement was made between plaintiff and all the defendants—except the above-named petitioners—whereby they paid plaintiff $260,000 and costs, in full satisfaction of said judgment as to all the defendants who contributed to the payment of said sum of $260,000 and costs, with the express understanding that such payment did not satisfy the judgment as to the present petitioners who did not contribute to such payment.

The non-contributing defendants, the petitioners herein, contend that notwithstanding this reservation, the release signed by plaintiff amounted to a satisfaction of the judgment as to them; and that they are, therefore, entitled to have the judgment satisfied as to them also.

They cite Pennsylvania authorities to sustain their position. In our opinion, they are not controlling. The cause of action sued upon in the instant case arose under Sections 3490–3493 and 5438 of the Revised Statutes of the United States, 31 U.S.C.A. §§ 231–234, and 18 U.S.C.A. § 80. The jurisdiction of this Court is conferred by Sec. 3491 R.S., and continues until the judgment is satisfied.

Therefore we hold that the effect to be given to the release of a part of the defendants, with the reservation of rights against the remaining defendants, is a matter exclusively to be determined by Federal law.

The rule, as applied by the Federal courts, is that the release of those defendants who contributed to the payment of a portion of the judgment, with reservation of plaintiff's rights as to those defendants who did not contribute to such partial payment, does not release or discharge the non-contributing defendants from liability for the remainder of the judgment.

The rule to be applied in this case is thus stated by Associate Justice Rutledge (now Justice of the United States Supreme Court) in McKenna v. Austin, 77 U.S.App. D.C. 228, 134 F.2d 659, on page 665, 148 A.L.R. 1253:

" * * * Partial satisfaction taken in compromise and release of liability of one or some of the wrongdoers does not discharge the others. * * * "

Another case in point is Barnett v. Conklin, 8 Cir., 268 F. 177 (Certiorari denied 255 U.S. 570, 41 S.Ct. 375, 65 L.Ed. 791), in which a money-judgment was recovered against defendants for $167,225.88, and one of them paid $100,000. The plaintiff entered into a stipulation releasing the paying defendant from the judgment, but reserved his rights against the other defendants. The court held that plaintiff could recover the balance of the judgment from the other defendants. See also Carey v. Bilby, 8 Cir., 129 F. 203; Tillitt v. Mann, 8 Cir., 104 F. 421; Molyneaux v. Marsh, C.C.Ga., Fed.Cas.No.9703, 1 Woods 452.

The petition of the non-contributing defendants for a satisfaction of the judgment herein will be denied.

Counsel for plaintiff may submit an order accordingly on notice to opposing counsel.