## 20111.  BOOKER *v.* SCOTT.

MOBLEY, Justice.  The petitioner brought this action to enjoin
the defendant from selling certain realty, located in DeKalb
County, which the defendant was advertising for sale under
a power of sale contained in a security deed given by the
petitioner to the defendant, and to enjoin the sale of certain
personal property covered by a chattel mortgage from the
petitioner to the defendant.  At the interlocutory hearing the
trial court, after hearing evidence, entered an order providing
that the petitioner should, within ten days, pay a stated sum
of money to the defendant; that, if the defendant refused to
accept said sum, the money should be deposited into the regis-
try of the court pending the final hearing on the matter; that,
upon the petitioner's failure to comply with the order, the
temporary restraining order previously granted should be dis-
solved and the defendant could then proceed to foreclose on
the property in question; and taxing all court costs against the
petitioner.  To this order the petitioner has excepted.  *Held:*

1. "Upon an application for an interlocutory injunction the superior court is without jurisdiction to enter a decree finally fixing the amount of money to be paid by either of the parties to the other." *Leary* v. *First Nat. Bank of Shellman,* 177 *Ga.* 179(2) (170 S. E. 84). See also *Florida Central R. Co.* v. *Cherokee Sawmill Co.,* 137 *Ga.* 815, 821 (74 S. E. 523); *Milltown Mfg. Co.* v. *Bray & Co.,* 149 *Ga.* 151(2) (99 S. E. 468); *City of Waycross* v. *Waycross Savings & Trust Co.,* 146 *Ga.* 68 (90 S. E. 382); *Wallace* v. *Boddie,* 138 *Ga.* 30(5) (74 S. E. 756). A final decree can not be entered in any case at an interlocutory hearing. Since a decree assessing all costs of court against one of the parties to the action is a final decree, the trial court is without authority to enter such a decree at an interlocutory hearing. *Rosenberg* v. *Wilson,* 154 *Ga.* 625 (2) (115 S. E. 7). The instant case is distinguishable from those cases wherein the trial court, in ordering the dissolution of a prior temporary restraining order, set forth facts in its decree upon which the order was based. In dismissing as premature a writ of error in such cases, this court has held that the language of the trial judge giving his reasons for dissolving the restraining order was not the judgment of the court. See *Wofford Oil Co.* v. *City of Nashville,* 177 *Ga.* 460 (170 S. E. 369); *Touchton* v. *Henderson,* 158 *Ga.* 819 (124 S. E. 529). In the instant case, the trial judge did not merely give his reasons for dissolving the temporary restraining order, but ordered the petitioner to pay the defendant a stated sum of money or to deposit said sum into the registry of the court, and further ordered the petitioner to pay all court costs. Since on interlocutory hearing the trial court is without authority to finally adjudicate issues of fact, but should pass on such questions only so far as to determine whether the evidence authorizes the grant or refusal of the interlocutory relief (*Florida Central R. Co.* v. *Cherokee Sawmill Co.,* 137 *Ga.* 815; *City of Waycross* v. *Waycross Savings & Trust Co.,* 146 *Ga.* 68; *Milltown Mfg. Co.* v. *Bray & Co.,* 149 *Ga.* 151, all supra), it was error in this case to enter a decree fixing finally an amount to be paid by the petitioner to the defendant and assessing all court costs against the petitioner. So much of the order of the trial court as orders the petitioner to pay a specific sum to the defendant and taxes all court costs against the petitioner is reversed, and direction is given that the

decree of the court be modified in accordance with the above rulings. *City of Waycross* v. *Waycross &c. Co.*, 146 *Ga.* 68; *Wallace* v. *Boddie*, 138 *Ga.* 30, both supra.

2. Since the only remaining portion of the order here excepted to is in effect an order dissolving the prior temporary restraining order, no question is presented for decision upon the grant or refusal of an interlocutory injunction. The exceptions to the exclusion of certain evidence offered by the petitioner are not passed upon because to do so would require an examination into the merits of the question of the grant or denial of an injunction.

*Judgment reversed with direction. All the Justices concur.*

SUBMITTED JUNE 10, 1958—DECIDED JULY 11, 1958—REHEARING DENIED JULY 22, 1958.

*F. L. Breen*, for plaintiff in error.
*W. Harvey Armistead*, contra.

