G. S. RUTLEDGE *et al.*, plaintiff in error, *vs.* R. B. BULLOCK, Governor, defendant in error.

1. The jurisdiction of a Judge of the Superior Court is co-extensive with the limits of the State, and the Judge of one circuit may hold a Court in another Circuit than that for which he was appointed.
2. Parties are bound to take notice that Court may be held at the time and place fixed by law, though there may be no Judge for the Circuit which embraces that place. (R.)

Jurisdiction of Judge of Superior Court.    Before Judge HOPKINS.    DeKalb County, Chambers.    February, 1871.

Hardin stood the security of Rutledge for his appearance to answer for an assault.    At September Term, 1869, Rutledge did not appear, and a rule *nisi* for forfeiture of the bond was taken.    *Scire facias* was issued and served in December, 1869, returnable to the next term of the Court in March, 1870.    On the 3d of January, 1870, Judge Pope then Judge of the Superior Court of said county, resigned, and his vacancy was not filled by appointment till August

Rutledge *et al.* *vs.* Bullock.

1870. Judge Pope, before resigning, had not invited any Judge to hold the March Term, 1870, of DeKalb Superior Court.

Governor Bullock requested Judge Parrott, of the Cherokee circuit, to go and hold said term of said Court, and he went. When said cause was called Rutledge was not present, nor did Hardin render any excuse for his non-delivery; but, by his counsel, contended that said Court was being illegally held, in that Judge Parrott had no right or authority to hear or determine the cause, for the reasons aforesaid. The Judge overruled this objection. Counsel for Hardin then said that they had not known till a day or so before that any Judge would hold said Court, there being no Judge of the circuit in office, and he had so informed Hardin, and Hardin said for that cause he did not deliver Rutledge, but that he would produce him the next day, if the time were allowed. The Court gave final judgment against him. By consent, all other civil business was passed. No criminal business was done except sentencing two parties who pleaded guilty, and Court adjourned after having sat but three or four hours.

*Fi. fa.*, issued upon said judgment, was levied upon Hardin's land. He filed an oath of illegality, upon the ground that Judge Parrott had no authority to hold said Court. He gave no bond for the forthcoming of the land.

When this illegality was heard, by consent, at Chambers, the Solicitor General moved to dismiss it, because no forthcoming bond was given, and because Judge Parrott did have a right to hold said Court. That is assigned as error.

L. J. WINN; A. W. HAMMOND & SON, for plaintiff in error.

E. P. HOWELL, Solicitor General, for the State. Constitution of 1868, Art. 5, sec. 10, par. 3; 11 Ga. R., 438; R. Code, secs. 232, 237, 238.

WARNER, Judge.

This case came before the Court below on an affidavit of illegality to an execution which was issued on a judgment of a forfeited recognizance rendered against the defendants at the March Term, 1870, of DeKalb Superior Court. The main ground of illegality taken by the defendants in the affidavit, was that there was no Judge in the Atlanta Circuit, and that the Court was held by Judge Parrott, a Judge of another Circuit, who had no legal right or authority to hold the Court and render the judgment in said case under the following agreed statement of facts: "That Judge Pope, the Judge of the Atlanta circuit resigned on the 3d day of January, 1870, and the Atlanta circuit was without any Judge until August, 1870, when Judge Lochrane was appointed to fill the vacancy. That the March Term of DeKalb Court, 1870, was held by Judge Parrott without the request or invitation of Judge Pope, but on the request of Governor Bullock, and that the judgment in the case was rendered on the 7th day of March, 1870, when the Court was held by Judge Parrott, the Judge of the Cherokee circuit, the Atlanta circuit being without a Judge." The third section of the fifth article of the Constitution declares, "there shall be a Judge of the Superior Courts for each judicial circuit. He may act in other circuits when authorized by law." The 232d section of the Code declares, "The *jurisdiction* of the Judges of the Superior Courts is *co-extensive* with the limits of this State, but they are not compelled to alternate unless required by law. By the 233d section of the Code it is declared, that "each of said Judges shall discharge all the duties required of him by the Constitution and laws for the circuit for which he was elected or appointed, although he may hold Courts in other circuits, and may also exercise *other* judicial functions for them, when permitted by law;" that is to say, the Judge of one circuit may hold Courts in other circuits in the State, and may also exercise other judi-

cial functions for other circuits when permitted by law, as to grant writs of injunction, *certiorari*, and other writs, whenever the resident Judge of a circuit is absent or interested, etc., as provided by the 238th section of the Code. We are, therefore, of the opinion that the Judge of one circuit may rightfully and lawfully hold a Court in another and different circuit in the State than that for which he was appointed. But it is said if the Governor shall fail or refuse to appoint a Judge for a circuit when a vacancy occurs, as in this case, he can compel the people of the circuit to have their legal rights determined by any Judge in the State who he may think proper to force upon them. That may be so, but the failure of the Governor to perform his constitutional duty in making an appointment to fill a vacancy when it occurs, is one thing, for which he is responsible to the proper tribunal. The legal power and authority of a Judge of one circuit to hold a Court in another circuit of the State, is an entirely different thing. The failure of the Governor to appoint a Judge for the Atlanta circuit, however objectionable that failure in the performance of his official duty may have been, did not divest the Judge of the Cherokee circuit of the legal power and authority to hold a Court in the Atlanta circuit at the time appointed by law, of which all parties having business in that Court were bound to take notice.

Let the judgment of the Court below be affirmed.