BUTLER *v.* THE STATE.

Submitted October 16, — Decided October 30, 1900.

Where the judge of a city court is disqualified in a case on the dockets of that court, and, under the provisions of the constitution of this State, calls in the judge of the superior court of the county to try the case, and such judge enters upon the trial, the city-court judge has no jurisdiction or power to try any other case on the dockets of the city court while the superior-court judge is engaged in the trial of the case in which he is called in to preside.   This is true although, by consent of counsel, the superior-court judge vacates the regular city-court room and goes into the grand-jury room to try the case.

Submitted October 16, — Decided October 30, 1900.

Accusation of gaming.   Before Judge Hammond.   City court of Griffin.   June 27, 1900.

*Thomas W. Thurman,* for plaintiff in error.
*Joseph D. Boyd, solicitor,* contra.

SIMMONS, C. J.   It appears from the record that Judge Hammond of the city court of Griffin was disqualified in a civil case. His court was in session; and, under paragraph 1 of section 5 of article 6 of the constitution of this State, he called upon Judge Reagan of the superior court of Spalding county to preside in the city court to try the disqualified case.   Judge Reagan went upon the bench of the city court, and a jury was selected to try the case. Thereupon Judge Reagan, with the consent of counsel in the case, left the regular city-court room and went into the grand-jury room

to continue the trial. While he was thus engaged, Judge Hammond went upon the bench and called the case of The State *v.* Butler. Upon his arraignment, Butler objected to a trial by Judge Hammond at that time, on the ground that Judge Reagan was holding the city court of Griffin in the trial of another case, and that Judge Hammond had no jurisdiction to proceed with any other cases until the termination of the trial of the case in which Judge Reagan was presiding. This objection was overruled, and the trial proceeded. Butler was convicted. His motion for a new trial was overruled, and he excepted. One of the grounds of error was the overruling of the objection to the jurisdiction of Judge Hammond to try the case. A decision of this point in favor of the plaintiff in error renders it unnecessary to decide or to mention any of the other points made in the record.

We think that when, under the above-cited section of the constitution, the judge of a city court is disqualified in a particular case and the judge of the superior court goes upon the city-court bench to try it, he is, for that occasion and pending the trial of that case, judge of the city court. The regular judge of the city court has no jurisdiction or power to try any other case while the judge of the superior court is engaged in trying the disqualified case. So far as we are aware, there is no law which authorizes two judges to preside and try cases at the same time in a city court. It required an act of the legislature to authorize such a proceeding in the superior courts of counties of more than ten thousand inhabitants. There is no such act in reference to city courts, and they are without authority to hold such double sessions. It follows that, when they seek to do so, but one of the two judges is holding a regular and lawful court. In the case of *Harrison* v. *Hall Safe & Lock Co.*, 64 *Ga.* 558, it appeared that Judge Hillyer of the Atlanta circuit had requested Judge Tompkins of the Eastern circuit to hold the superior court of Fulton county. Judge Tompkins went upon the bench in the place and stead of Judge Hillyer, who retired. Judge Hillyer then repaired to another room in the building, and, opening a court, proceeded to try other cases. In one of the cases tried by Judge Tompkins, exception was taken on the ground that Judge Tompkins was without legal authority to try the case while the judge of the circuit was trying another case in another room in the court-house of the county. This court held, that

-when Judge Tompkins went upon the bench, all the powers of the superior court of the Atlanta circuit were vested in him, and that he had full power and jurisdiction to try the case. In the opinion Crawford, J., said: " We are very clear that . . the superior court of Fulton county was in legal session under Judge Tompkins, whatever might be held as to the judicial tribunal set up by Judge Hillyer in some other part of the building." Following the reasoning of that case, we think that in the present one when Judge Reagan went upon the bench he took the place of Judge Hammond and was vested with full authority to hold the city court. Judge Hammond had no right or power to try another case while Judge Reagan was engaged in the trial of the case in which he presided. This is true although Judge Reagan may have voluntarily left the regular court-room and gone into the grand-jury room to try the case. This is, we think, the law of the case; but even if we were doubtful, it would be better, for the sake of regularity in judicial proceedings, to hold as we do. Any other ruling would give rise to much confusion in the approval of the minutes of the court, motions for new trial, bills of exceptions, and things of that sort. As Judge Hammond had no jurisdiction or power to try this case, it follows that his judgment must be reversed, and the case tried when the city-court judge has power and jurisdiction to preside.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., and Little, J., absent.*