## TIGNER v. THE STATE.

SIMMONS, C. J.  1. Where an act makes it penal for any person to sell intoxi-cating liquors in a county, and the legislature subsequently makes certain exceptions with regard to the sale of such liquors within three of the towns in the county, it is not necessary, in an indictment under the original act, to allege that the accused is not within the exceptions made by the later acts. An allegation in the indictment, not descriptive of the offense charged, but merely negativing that the accused is within the exceptions, may be treated as surplusage and need not be proved.  That the accused is within the exceptions is matter of defense.  *Hicks* v. *State*, 108 *Ga.* 749, and cases cited ; *Kitchens* v. *State*, 116 *Ga.* 847 ; 1 Bish. New Crim. Proc. § 640.

2. There was no error in the exclusion of evidence, or in the charge of the court, complained of in the motion for new trial.  The newly discovered evidence was impeaching in its character.  The evidence warranted the verdict, and the judge did not err in refusing a new trial.

*Judgment affirmed.  All the Justices concur.*

Argued November 16, — Decided December 8, 1903.

Indictment for selling liquor.  Before Judge Longley.  City court of LaGrange.  October 12, 1903.

*A. H. Thompson*, for plaintiff in error.
*Henry Reeves, solicitor*, contra.