## GLOVER *et al. v.* MORRIS.

1. When a petition for mandamus nisi is presented to a judge of a circuit wherein the cause of action originated, and the judge certifies thereon that he is disqualified by reason of relationship to some of the parties, the applicant for mandamus may present his petition to a judge of any circuit in the State, without consulting the presiding judge of the first circuit.
2. If the second judge to whom the petition is presented assumes jurisdiction of the case, he has power and authority under the law to hear and deter-

mine the same at chambers, where no question of fact is involved, if the court of the county where the case arose is not then in session.

3. If the judge hearing the case upon a pure question of law refuses the mandamus absolute on the ground that under the law the applicant is not entitled thereto, and the applicant brings that decision to this court, where the decision of the judge is reversed on the ground that he erred in not granting the mandamus absolute, and the remittitur is returned to the court below, the judge who made the decision has the right, and it is his duty, to order the mandamus absolute to issue (the judge to whom the mandamus was first presented still being disqualified) ; and it is not necessary for the disqualified judge to designate him or to request that he continue to act in the case, before the above-mentioned order is passed.

4. In passing such an order, on an application for mandamus to compel the superintendents of an election to meet and consolidate the vote which the applicant had received for the office of county treasurer, the judge had power to direct on what date it should be executed, and to instruct the respondents that if the original certificates and tally-sheets of the election could not be produced, they might use properly certified copies from the executive department as evidence of the vote received by the applicant.

5. The judge who granted the mandamus absolute as above set forth having resigned his office and his successor having qualified according to law, the new judge succeeded the retiring judge in the jurisdiction of the case ; and he is directed, on receiving the remittitur in this case, or a certified copy of it, to pass a supplemental order fixing a new day for the convening of the election superintendents for the purpose of consolidating the vote above referred to, as the day named by the retiring judge has passed.

Argued April 18, — Decided May 10, 1905.

Mandamus. Before Judge Lumpkin. Cobb superior court. February 25, 1905.

*J. Z. Foster*, for plaintiffs in error.

*Rosser & Brandon* and *N. A. Morris*, contra.

SIMMONS, C. J. It appears from the record that Morris filed his application for mandamus nisi to compel the superintendents of an election held in October, 1904, to meet and consolidate the vote which he received for county treasurer of Cobb county in that election. He alleged that he had received a certain number of votes for that office, and that one Glover, who was a candidate for the office of clerk of the superior court of that county, had received so many, but that the votes cast for Glover as clerk of the superior court could not also be counted for him as county treasurer, for the reason that he could not hold both offices, and that the special act of the legislature consolidating the two offices was unconstitutional and void. This petition was presented to Judge George F. Gober, of the Blue Ridge circuit, who endorsed thereon

49

that he was disqualified to hear the same, by reason of his relationship to some of the parties.   The petition was then presented to Judge Joseph Henry Lumpkin, of the Atlanta circuit, who assumed jurisdiction of the case and issued a rule nisi for the respondents to appear, at a certain date and show cause why the rule should not be made absolute.   At the hearing the defendants demurred to the petition, their main ground of demurrer being that under the special act above mentioned the offices of clerk of the superior court and treasurer of Cobb county were consolidated, that the act was constitutional, that the votes cast for Glover as clerk were also cast for him as county treasurer, and 'that he was entitled to the office.   Judge Lumpkin sustained the demurrer and refused to grant the mandamus absolute; to which Morris excepted, and brought the case to this court for review. Here it was determined that the act was unconstitutional, and that the legislature had no power to consolidate the two offices; thereby reversing the decision of the court below, and holding that Morris was entitled to the office of treasurer and that the election superintendents must meet and consolidate his vote. Upon the return of the remittitur, after notice given to the respondents, the judge passed an order making the mandamus absolute, requiring the superintendents of the election to meet at a fixed time and place and consolidate the vote cast for Morris, and directing that if the certificates and tally-sheets for the various voting precincts of Cobb county could not, for any reason, be produced, the superintendents should use the certificates and tally-sheets returned to the executive department of the State, or copies thereof properly certified by the secretary of State.   In passing this order it was inadvertently headed "Fulton Superior Court," and upon his attention being called thereto, Judge Lumpkin immediately passed an order amending it so that the caption now reads, "Cobb Superior Court."   Before the date fixed by Judge Lumpkin, ordering the superintendents to meet, they filed their bill of exceptions to the order and brought the case to this court. The errors alleged can be fairly grouped under three heads:   1st, That Judge Lumpkin had no authority to grant the judgment excepted to.   2d, That if he had any such authority, it must have been exercised in the Blue Ridge circuit.   3d, That if he had jurisdiction to render the judgment in Fulton county, he

erred in his direction to the election superintendents as to the use that might be made of the tally-sheets and lists of voters in the Governor's office.

1, 2. The Civil Code, § 4871, provides. that an application for mandamus may be heard and determined in vacation if there be no issue of fact. Section 4321 gives a judge power, in his own circuit, to grant writs of mandamus, and section 4322 provides that if the judge of a circuit is for any reason disqualified the power may be exercised by the judge of any other circuit. It appearing from the record that Judge Gober was disqualified to hear and determine this case, and so certified on the application, the applicant had the right, under the code, to apply to the judge of any other circuit; he therefore applied to Judge Lumpkin, of the Atlanta circuit (we suppose on account of his accessibility and his judicial reputation. as a fair, able, and impartial judge), who assumed jurisdiction of the case and heard and determined it. No question of fact being involved, and it appearing from the record that Cobb superior court was not then in session, Judge Lumpkin had full power and authority in vacation to hear and determine the case.

3. As before stated, this court held that he was in error in not making the mandamus absolute, reversing his decision; and for the first time in my recollection it is now contended that where a judge has properly assumed jurisdiction of a case on account of the disqualification of the judge of an adjoining circuit, and his decision is reversed, his jurisdiction over the case then ceases and he has no power or authority to proceed further therewith without an invitation from the disqualified judge. It is a new doctrine to us, our opinion being that when a judge of a circuit other than that in which the case arises assumes jurisdiction of a case in vacation for the purpose of passing an interlocutory or final order, this jurisdiction remains with him until the case is fully determined, or until the judge of the circuit in which the case arose becomes qualified to hear and determine the same. So long as the disqualification of Judge Gober existed, Judge Lumpkin had full control over the case. When Judge Lumpkin passed the order making the mandamus absolute he did no more than he should have done, according to the decision of this court (121 *Ga.* 751), when he first tried and determined the case. In his loyalty and

obedience to the mandates of this court he corrected his first judg-
ment and made his last one in accordance with the judgment of
this court.    It amounts to no more than that if he had granted
the mandamus absolute in his first judgment.    He certainly had
jurisdiction at that time to make such a judgment.    The fact that
he made an erroneous decision in the first instance and was cor-
rected by this court could not possibly deprive him of jurisdiction
to make his decision correct.    The fact that he heard and deter-
mined the case in Fulton county, outside of the limits of the Blue
Ridge circuit, could make no difference.    The code expressly gives
him authority to hear it in chambers, but it does not require him
to go to the circuit where the case originated in order to deter-
mine it.    In cases of application for injunction, where the judge of
the circuit is disqualified, the same power is given to the applicant
to apply to any judge in the State, and it has been the universal
practice, so far as we know, for the judge to act in his own circuit
at chambers, and we have never heard any judgment, made out-
side the circuit where the case arose, questioned on this ground.
And this Judge Lumpkin could do without any invitation from
Judge Gober, who was disqualified.    The sections of the Civil
Code (§§ 4324, 4326) relied on by counsel for plaintiffs in error
have no application to cases originating and triable at chambers,
as will be seen from a cursory reading thereof.    Under the latter
section the cases are on the docket to be tried in term.    There is
no one but the judge to procure a qualified judge.    In cases like
the one under consideration, which are to be determined in vaca-
tion, the code expressly allows the applicant to apply to any other
judge in the State if the judge of his circuit is disqualified.

4. It is also complained in the bill of exceptions that if Judge
Lumpkin had authority to make the mandamus absolute he had
no authority to order that if for any reason the tally-sheets and
the list of voters from the various voting precincts of said county
could not be produced by the clerk of the superior court of Cobb
county, the election superintendents should use the tally-sheets
and list of voters theretofore sent to the Governor of the State,
or, in default of the originals, copies duly certified to be correct
by the secretary of State.    Under the peculiar facts and circum-
stances of this case we think the judge had the power and
authority to give this direction.    The election was held on the

first Wednesday in October, 1904, and this order was granted February 25, 1905. The superintendents contended in the original case that they had returned the tally-sheets as directed by the law, and had dissolved as a body. It was evidently the intention of the judge that the matter should be determined by the superintendents on March 2, 1905, the date named in the order upon which they should convene, this court having decided that Morris was entitled to the office without delay, and to provide against any further delay, in the event the clerk had lost the tally-sheets and list of voters or for any reason failed to produce them, by providing in advance that the originals sent to the Governor, or certified copies thereof, should be used in evidence. That would be the natural rule of evidence in case the clerk failed to produce the papers filed with him. It seems from the facts in this case that the election superintendents are strongly averse to Morris receiving the office, and if the clerk had failed to produce the tally-sheets and list of voters there would have been further cause for delay. The order in effect only gave the rule of evidence that they should adopt in case the clerk failed to produce the papers, and, as stated, was for the purpose of preventing further delay. We think it was a wise precaution. See, upon this subject, *Tanner* v. *Deen*, 108 *Ga.* 95. Under the ruling of this court Morris is certainly entitled to the office, and he should not be kept out of it by pure legal quibbling, as resorted to in the present case. While Morris may not have been the man that a majority of the voters of Cobb county would have selected for the office, yet inasmuch as he received all the votes for the office of treasurer that were cast, the law declares him entitled to the office, and we think that the people adverse to him should submit to the law, however much it cuts against their wishes; and we also think that these election superintendents, after learning what the law is, should cheerfully obey the orders of the courts, consolidate the vote for Morris, and declare the result according to law. We sincerely trust that this will be the end of the controversy, however distasteful the result may be to some of the parties.

5. It is judicially known to us that Judge Lumpkin, the judge of the Atlanta circuit, who made the decision in this case excepted to, has resigned his office in the lower court and become a

member of this bench, and that Judge Pendleton, who was appointed to succeed him, has qualified for the discharge of his official duties. As Judge Gober is still disqualified, it will devolve upon Judge Pendleton, the present judge of this circuit, to enforce the orders of his predecessor; and in accordance with the powers given to this court by the code, we direct that when the remittitur is sent down to the court below (as the law of the case has been settled), Judge Pendleton assume jurisdiction thereof and pass an order fixing another date for the convening of the superintendents to consolidate the vote cast for Morris, the date fixed by Judge Lumpkin having passed by reason of a supersedeas granted on this bill of exceptions. Furthermore, no question of fact having been raised at the proper time, and the right to answer having been waived at the hearing before Judge Lumpkin, the law of the case has been settled.

*Judgment affirmed, with directions. All the Justices concur, except Lumpkin, J., disqualified, and Candler, J., absent.*