## REYNOLDS *v.* CALVERT MORTGAGE AND DEPOSIT COMPANY.

PER CURIAM. This was an action by the maker of a security deed to enjoin the sale of his land under a power of sale expressed in the deed, on the ground: (*a*) that the deed was infected with usury, the amount thereof being specifically alleged, and (*b*) that, allowing credit for all payments made, the principal debt with legal interest had been fully discharged, thus leaving no ground for the exercise of the power of sale, if its legality be conceded. It was alleged, that the defendant had contracted with the plaintiff as a building and loan association, which was no more than an assumed character; that the plaintiff, though having signed a certificate of membership therein as a building and loan association, did so upon the direction of the agent of the lender, who used that form of contract as a cloak for usury; and that the real transaction was nothing more than a stated loan for which interest was charged in excess of the legal rate. These allegations touching the character of the transaction were denied in the answer of the defendant. At the interlocutory hearing for injunction the decision under the evidence depended upon whether the defendant was a building and loan association and as such entitled to charge certain monthly installments, dues, etc. The judge passed an order as follows: "Upon consideration the injunction heretofore granted is dissolved. I can not find otherwise, from the evidence submitted, than that the petitioner was a stockholder in defendant company, a building and loan association." *Held*, that under the pleadings and the evidence the judge was authorized to find that the defendant was a building and loan association, and that the relation of the plaintiff to it was that of a member and the transaction involved mutual profits and losses between the parties. There was no error in refusing an interlocutory injunction.

(*a*) The statement in the judgment rendered that "I can not find otherwise, from the evidence submitted, than that the petitioner was a stockholder in defendant company, a building and loan association," given as a reason for refusing the injunction, is not to be construed as a final judgment which will be conclusive upon the parties as to the character of the defendant company on the main trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

FEBRUARY 24, 1917.

Petition for injunction. Before Judge George. Ben Hill superior court. February 24, 1916.

*Rogers & Rogers* and *Philip Newbern,* for plaintiff.

*McDonald & Bennett,* for defendant.