## Cochran *v.* Knott *et al.*

HILL, J. 1. In equity cases where extraordinary relief is sought, the trial court may hear, pass upon, and determine all demurrers at an interlocutory hearing before the appearance or first term. Ga. Laws 1925, p. 97.

2. The enforcement of the collection of a tax by the officers of a municipality who are only de facto officers will not be enjoined.

3. Other assignments of error are not insisted upon, discussed, or referred to in the brief of counsel for plaintiff in error, and will be treated as abandoned.

4. Applying the above principles, the court did not err in dismissing the petition on demurrer.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*

No. 5870. OCTOBER 13, 1927.

Equitable petition. Before Judge Park. Morgan superior court. January 28, 1927.

Ed Cochran's petition against E. W. Knott and W. C. Conor alleged in substance as follows: He is a resident of the Town of Apalachee, Georgia, and conducts a general mercantile business in that town, selling dry goods, shoes, groceries, fresh meats, and hot lunches. E. W. Knott and W. C. Conor are exercising the authority of mayor and marshal of said town. The town has enacted certain ordinances levying special taxes upon all citizens of the town who do business therein, to wit, a tax of $10 for general mercantile business, a special tax of $5 for selling wieners as lunches, $5 for selling fresh meats, and $25 for selling cigarettes. The town segregates each of the commodities dealt with, which are a part of plaintiff's general mercantile business, and places on them taxes that are burdensome and confiscatory. The tax of $25 on the sale of cigarettes is prohibitive, and was so intended, the sale and profits thereof not being sufficient to enable a dealer to engage in the business at a profit; and it deprives the plaintiff of his right to make a living, and pursue his ordinary vocation of conducting a general mercantile business. There are no legally constituted officers of the town. The acting mayor was not elected according to the charter of the town, there being no one in authority to order such election, or to call an election for mayor.

Appeal and Error, 4 C. J. p. 1068, n. 22.
Equity, 21 C. J. p. 443, n. 7.
Municipal Corporations, 43 C. J. p. 640, n. 74.

The charter required an election for mayor and aldermen on the first Saturday in September of each and every two years, said election having been held under the charter on the first Saturday in September, 1925; but no [legal?] election was held at that time, and the mayor and council and aldermen then serving relinquished their offices, and have not acted as such since said date. Carl Shockley acted as mayor, although not lawfully elected, until November, 1926, when he removed from the town and is now a non-resident. A pretended election to fill said vacancy was held in December, 1926, but there was no call for a special election to fill vacancies; there was no constituted authority to call a special election to fill vacancies in the offices of the city; and the election was therefore void. The now acting mayor was declared duly elected, but the election was not legally conducted, in that it was presided over by three freeholders of the town, and by no justice of the peace or notary public, as required by the charter of the town, and one of the persons holding the election was a minor, and therefore was not person to participate therein. There is no legally constituted authority in the town—no legally elected and acting mayor, or councilmen, or aldermen, and the authority assumed by E. W. Knott as mayor and W. C. Conor as marshal is without authority of law; the latter, acting under direction of Knott as mayor, is threatening to levy a tax execution for the taxes above set out, on the business of plaintiff, and to sell same for the payment of the taxes, and to proceed against plaintiff on a penal charge, and arrest him, and subject him to punishment by imprisonment in the common jail of the town or to servitude on the streets. Neither E. W. Knott as mayor nor W. C. Conor as marshal is a legally constituted officer of the town, and they are without authority, as such, for the enforcement of the ordinances, or any other ordinances of the town. Plaintiff is without adequate remedy at law, and his property rights will be very materially damaged, and he be subjected to arrest and fine, and his business ruined, unless he is protected by an order of the court prohibiting same. Plaintiff, waiving discovery and to avoid a multiplicity of suits, prays that E. W. Knott be prohibited and enjoined from in any wise interfering with plaintiff in the conduct of his business, or from issuing tax executions against plaintiff or his business; that W. C. Conor now acting

as marshal of the town of Apalachee be enjoined from levying or enforcing any execution or writ against plaintiff, issued by E. W. Knott as mayor, or from arresting, or making criminal charges against plaintiff for the conduct of his business in the town of Apalachee; "for an order of this court directed to the said E. W. Knott acting mayor, and individually, and W. C. Conor, to be and appear before this court, at a time and place to be mentioned in said order, to show cause why said injunction should not be made permanent and they should not be perpetually enjoined as herein prayed," etc. There was also a prayer for general relief.

The defendants demurred to the petition: "1. Generally, because said petition sets out no cause of action whatsoever. 2. Generally, because plaintiff's right, if any he has in the premises, may be maintained at law. 3. Specially, to each of the following paragraphs of petition, to wit, Nos. 6, 7, 8, 9, 10, 11, 12 and 13, on the ground that they add nothing to the cause of action, if any, set out in the other portions of said petition, and because they seek by injunction to question the authority of any alleged officer to execute the prerogative, and perform the duties of the office, by alleging that he has not by election or otherwise in proper or legal manner been placed in said office, which question can not be raised by injunction, but under our statutes by quo warranto." The court sustained the demurrer and dismissed the petition, to which judgment the plaintiff excepted on the grounds: "1. That the order dismissing the petition can only be had at term time, and that the court was without authority to pass an order dismissing on general demurrer the petition at chambers and before the appearance term. 2. That the court erred for the reason that the relief sought in the petition was against E. W. Knott and W. C. Conor, the petition specially alleging that they were not the legally constituted officers of the town and were without legal authority to enforce them. 3. That the order dismissing the petition was error for the reason that there was no relief asked against the town of Apalachee, as plaintiff claimed that the town was not making an effort to enforce any ordinance, but by parties claiming the right which plaintiff claims they did not have, as they had never been legally elected to such office. 4. The order dismissing the petition was error for the reason that it assumed

that the defendants were duly elected and they were not acting without authority."

*M. C. Few,* for plaintiff.    *E. H. George,* for defendants.