KENT *v.* CITIZENS MUTUAL INVESTMENT ASSOCIATION.

92

No. 12281. April 12, 1938.

*Lowndes Calhoun*, for plaintiff.

*Candler, Cox & McLamb*, for defendant.

HUTCHESON, Justice.  Homer H. Kent brought a suit in equity against Citizens Mutual Investment Association, a corporation having an office and doing business in the City of Atlanta, seeking cancellation of certain evidences of indebtedness executed by the petitioner to the defendant, and to enjoin the defendant from notifying the postmaster of the City of Atlanta, where the petitioner is employed, of its claim of indebtedness.  He alleged substantially as follows: In 1936, the exact date of which he does not remember, he borrowed from the defendant $300 and gave his note therefor, and execute a bill of sale conveying to the defendant his household furniture for the purpose of securing said indebtedness.  Interest at the rate of eight per cent. per annum was charged and deducted in advance, and under the terms of the loan he was to pay the amount thereof at the rate of $25 per month.  The defendant was then and is now engaged in the business of making loans in the sum of $300 or less.  It has not given bond, and is not licensed under the small-loan act of the legislature (Ga. L. 1920, pp. 215 et seq).  It has heretofore given two notices to the postmaster under whom the plaintiff works as mail carrier, that it holds said claim against him.  It is a rule of the Post-Office Department to suspend or dismiss mail carriers against whom notices of debt are filed with the postmaster.  Debits are given for the first offense, and seniority reduced.  Upon his discharge the plaintiff will lose all pension rights on retirement allowed by the Federal Government.  The defendant is threatening to send another notice of claim to the postmaster, and is proceeding to do so.  The post-

master has informed the plaintiff that if another notice is sent to him it will be forwarded to the Post-Office Department at Washington, and he will be suspended and discharged. The prospect of losing his job as mail carrier and brooding over the same on the threat of the defendant to send another notice has made him extremely sick and nervous. Irreparable damage will flow to him if the notice is sent and the loss of his job follows. He alleges that the note and bill of sale evidencing the indebtedness to the defendant are void, by reason of the failure of the defendant to secure a license under the small-loan act. The prayers were for cancellation of the note and bill of sale, and restraining order to prevent the defendant from sending notices to the postmaster. At interlocutory hearing had before the appearance term, the defendant interposed a motion to dismiss the petition, on the ground that the petitioner had an adequate remedy at law. The court overruled the motion. This ruling was not excepted to. At the appearance term the defendant demurred to the petition, on the grounds that it "does not as a whole, nor in any of its several counts, paragraphs, or parts, show a cause of action against" the defendant; and that the allegation that the note and bill of sale were void is a mere conclusion of the pleader. On the hearing the plaintiff contended that the ruling of the court on the previous motion was res judicata of all questions raised by the demurrer interposed at the appearance term. The court sustained the general demurrer and dismissed the action. The plaintiff excepted.

■ Since the passage of the act approved August 25, 1925 (Ga. L. 1925, p. 97), amending section 5630 of the Code of 1910 (Code of 1933, § 81-1002), a judge may rule upon a demurrer to a petition for an injunction at an interlocutory hearing, even before the appearance term. *Cochran* v. *Knott,* 165 *Ga.* 109 (139 S. E. 818); *Byrd* v. *Piha,* 165 *Ga.* 397 (141 S. E. 48); *Ward* v. *Parks,* 166 *Ga.* 149 (142 S. E. 690); *Wilder* v. *Thomson,* 169 *Ga.* 812 (151 S. E. 806); *Meena* v. *Piedmont Realty Co.,* 173 *Ga.* 844 (162 S. E. 144); *Huson Ice & Coal Co.* v. *Covington,* 178 *Ga.* 6 (172 S. E. 56); *Justice* v. *Warner,* 178 *Ga.* 579 (173 S. E. 703).

■ A ruling on a demurrer or a motion to dismiss a petition in equity seeking cancellation and injunction, on the ground that the complainant has an adequate remedy at law, involves only what may be called a preliminary question of "jurisdiction," that

is, whether a court of equity will retain the case or send the plaintiff to a court of law. It does not involve the rights of the parties as to the merits of the subject-matter in controversy, but only the right of the plaintiff to have such controversy, if meritorious, settled in a court of equity. Cf. *Findley* v. *McBurnelt,* 60 *Ga.* 627; *Patterson* v. *Turner,* 62 *Ga.* 674. Accordingly, while the overruling of such a motion to dismiss or demurrer to a petition in equity seeking cancellation and injunction, unexcepted to, becomes the law of the case, yet it is only such to the extent that it determines the forum of the controversy, and is not determinative of whether the petition otherwise presents a justiciable question. If the rule were otherwise, one who fails in equity because his remedy at law is adequate would by such ruling be barred from a court of law.

■ In view of section 1 of the small-loan act (Ga. L. 1920, p. 215; Code, § 25-301), which contains the enacting clause that "No person, partnership, or corporation shall engage in the business of making loans of money . . in the amount or to the value of $300 or less, and charge, contract for, or receive a greater rate of interest than eight per centum per annum therefor, except as authorized by this chapter [act], and without first obtaining a license from the superintendent of banks," and section 17 (Code, § 25-317), that "Except as authorized by this chapter, no person, partnership, or corporation shall directly or indirectly charge, contract for, or receive any interest or consideration greater than eight per centum per annum upon the loan, use or forbearance of money, . . of the amount or value of $300 or less," and "No loan for which a greater rate of interest or charge than is allowed by this chapter has been contracted for or received, wherever made, shall be enforced in this State, and any person in anywise participating therein in this State shall be subject to the provisions of this chapter," and section 18 (Code, § 25-9902), providing that any person, partnership, or corporation and the several officers and employers thereof who violate the above sections shall be guilty of a misdemeanor, and providing a punishment therefor, a petition alleging that the defendant engaged in the business of making loans of money in the sum of $300 or less, not licensed under the small-loan act, made a loan to the petitioner in the principal sum of $300, evidenced by a note and a bill of sale on furniture to secure the same, and deducted eight per cent. interest in advance from the

loan so made, which loan was repayable in a period of one year at the rate of $25 per month, alleges sufficient facts to show that the note and bill of sale are void under the provisions of the small-loan act, and it is not necessary that the petition allege that the defendant does not come within the provisions of section 19 of the act (Code, § 25-318), declaring that "This chapter shall not apply to any person, partnership, or corporation doing business under any law of the State or of the United States relating to banks, trust companies, building and loan associations, or licensed pawnbrokers." Cf. *Kitchens* v. *State*, 116 *Ga.* 847 (43 S. E. 256); *Tigner* v. *State*, 119 *Ga.* 114 (45 S. E. 1001); *Elkins* v. *State*, 13 *Ga.* 435.

█ In view of the above rulings, the petition set forth a cause of action for cancellation and injunction. *Nash Loan Co.* v. *Dixon*, 181 *Ga.* 297 (182 S. E. 23). While the judge did not err in passing on the demurrers interposed at the appearance term, he erred in sustaining them and in dismissing the petition.

*Judgment reversed. All the Justices concur.*