GALLOWAY *v.* MITCHELL COUNTY ELECTRIC MEMBERSHIP CORPORATION *et al.*

430

No. 13154.   June 11, 1940.

432

*Frank S. Twitty* and *Bennet & Peacock,* for plaintiff.

*S. P. Cain* and *Robert Culpepper Jr.,* for defendants.

JENKINS, Justice. ■ Notwithstanding other constitutional and statutory methods for obtaining another judge when a superior-court judge is disqualified, a superior-court judge of another circuit has jurisdiction to pass upon a petition for a temporary restraining order and interlocutory injunction, without being designated by the disqualified judge, and may thus act merely on the initiative of the plaintiff, where the disqualification exists and is made plainly to appear. *Glover* v. *Morris,* 122 *Ga.* 768, 771 (50 S. E. 956) ; *Rutledge* v. *Bullock,* 44 *Ga.* 23, 25, 26; Code, §§ 24-2616, 24-2617.

■ At such an interlocutory hearing, such judge of another circuit is empowered, but not obliged, to pass upon demurrers to the petition. *Kent* v. *Citizens Mutual Investment Asso.,* 186 *Ga.* 91, 93 (196 S. E. 770) ; *Byrd* v. *Piha,* 165 *Ga.* 397, 399 (141 S. E. 48) ; Ga. L. 1925, p. 97 (Code, § 81-1002). Where at the interlocutory hearing demurrers are argued and considered as a reason why the injunction should not be granted, but under the terms of

the order granting the injunction are not then passed upon, the judge does not thereby lose his jurisdiction to pass upon the demurrers, but may thereafter enter an amendatory interlocutory order dealing with the demurrers (see Code, § 24-2620; *Glover* v. *Morris,* supra), unless or until another judge, properly designated by the disqualified judge, shall in the meantime assume jurisdiction of the case, sitting as a court during term time in lieu of the disqualified judge.

■ Whether or not, under such circumstances and before losing jurisdiction, the judge of the other circuit could on the plaintiff's motion, but without giving additional notice to the defendants of his intention to do so, thereafter pass on the demurrers, which had been presented and argued at the interlocutory hearing, is a question which it is unnecessary to determine, since it is here made to appear that during the appearance term of the court, and before the time when the amendatory order passing on the demurrers was entered by the judge of the other circuit, the defendants moved in open court to obtain an adjudication of their demurrers; that in response to such motion the disqualified judge thereupon called on the judge of a city court of that county to preside for him and assume jurisdiction of the cause; and that during the same term, in open court, and while acting as the court, the judge of the city court proceeded to assume jurisdiction of the cause, and thereafter, in open court and while sitting as a court, passed an order sustaining the demurrers and dismissing the action. This he did after vacating the previous order overruling the demurrers, which had been passed on by the judge of the other circuit, who, however, passed such amendatory order after the city-court judge sitting as a court had assumed jurisdiction. Since it was as a court, and not as an individual judge, that the city-court judge, designated to preside in lieu of the disqualified judge, acted (*Allen* v. *State,* 102 *Ga.* 619, 625-627, 29 S. E. 470; *Butler* v. *State,* 112 *Ga.* 76, 37 S. E. 119), he was within his jurisdiction, during the same term, to vacate the original orders, just as if he had granted them himself; and this is true irrespective of whether, if jurisdiction was still retained, the amendatory order could have been entered without notice to counsel for the defendants. *See Kerr* v. *Kerr,* 183 *Ga.* 573 (189 S. E. 20), and cit.; Code, § 110-702.

(*a*) "The phrase 'a city court,' as used in paragraph 1, section

5, article 6 of the constitution [Code, § 2-3301], which declares that, 'In any county within which there is, or hereafter may be, a city court, the judge of said court, and of the superior court, may preside in the courts of each other in cases where the judge of either court is disqualified to preside,' refers exclusively to the city courts designated in paragraph 5, section 2, of the same article [Code, § 2-3005]; viz. city courts from which writs of error lie to the Supreme Court." *Wells* v. *Newton,* 101 *Ga.* 141 (28 S. E. 640). As to what city courts are of that character, from which a writ of error will lie to the Court of Appeals since the constitutional amendment relating to that appellate court (Code, § 2-3009), see *Cone* v. *American Surety Co.,* 154 *Ga.* 841 (115 S. E. 481); *Ash* v. *Peoples Bank of Oliver,* 149 *Ga.* 713, 715 (101 S. E. 912), and cit.; *Welborne* v. *State,* 114 *Ga.* 793 (9), 801 (40 S. E. 857). Section 30 of the act establishing the city court of Camilla expressly providing for a direct writ of error (Ga. L. 1905, pp. 184, 190), and such court otherwise conforming to the requirements of a constitutional city court, its judge was authorized to preside in Mitchell superior court in a cause where the judge thereof was disqualified.

■ Under the preceding rulings, it becomes necessary to pass on the correctness of the judgment by the city-court judge, who presided in the case at the appearance term by request and in lieu of the disqualified judge, in vacating the previous orders of the judge who had first acted, and in sustaining the demurrers to the petition, and, as a necessary consequence, in dissolving the interlocutory injunction. This is true for the reason that, if the ruling on the demurrers was correct, the injunction would necessarily fall as being incidentally involved. If, however, the ruling on the demurrers was erroneous, such injunction would remain of force, since no writ of error has been taken therefrom, and no motion to dissolve the injunction, with notice thereon, was made. *Newton Mfg. Co.* v. *White,* 47 *Ga.* 400 (2), 404; Code, § 55-203.

■ Under the act of Congress known as the "rural electrification act of 1936" (49 Stat. 1363-1365; U. S. Code Ann., title 7, §§ 901, 904, 905), the Georgia enabling act of 1937 (Ga. L. 1937, p. 644), and the pleaded charter of the Mitchell County Electric Membership Corporation, organized under such acts, it was empowered to furnish and sell in rural areas to its stockholder members electric energy, assist them in wiring their premises, and in acquiring, sup-

plying, and installing electrical or plumbing equipment therein, as well as to furnish them such equipment. Such Membership Corporation was further empowered to make contracts necessary for such purposes, and obtain loans from the Federal Rural Electrification Administration as provided by the Federal act, §§ 904, 905. But the Electric Membership Corporation was not authorized, as alleged in the instant petition of a complaining member and stockholder of that corporation, to borrow $25,000 from the Federal Electrification Administration for the sole purpose of lending it to the other defendant, the Community Cold Storage Association, which like the plaintiff was a member of the Mitchell County Electric Membership Corporation, in order that the Cold Storage Association might use the money "to erect and maintain a refrigerating food storage and processing plant." These alleged purposes of the loan were ultra vires and therefore illegal, since they exceeded the powers granted to the Electric Membership Corporation by the rural electrification acts and its charter. While it was permitted to provide electrical or plumbing equipment to its members, it was not authorized, over the protest of one member, to lend money to another member in order that such other member might construct its plant and thereafter maintain its own separate enterprise. To thus divert money and credits of the Electric Membership Corporation, engaged in the business of rural electrification, might well be taken as inimical to the salutary purposes for which it was chartered. See, in this connection, *Cherokee Iron Co.* v. *Jones,* 52 *Ga.* 276, 280; *Military Interstate Asso.* v. *Savannah, Thunderbolt &c. Ry.,* 105 *Ga.* 420 (31 S. E. 200); *First National Bank of Tallapoosa* v. *Monroe,* 135 *Ga.* 614 (69 S. E. 1123, 32 L. R. A. (N. S.) 550); *Brinson Ry. Co.* v. *Exchange Bank of Springfield,* 16 *Ga. App.* 425 (85 S. E. 634); *Savannah Ice Co.* v. *Canal Louisiana Bank & Trust Co.,* 12 *Ga. App.* 818 (79 S. E. 45).

Although the averments of fact were insufficient to show fraud, or that the Cold Storage Association was only a dummy of the Electric Membership Corporation, under the averments as to ultra vires the petition stated a cause of action against the Membership Corporation, good against the general demurrers.

Under the Code, § 22-711, a minority stockholder "may proceed in equity" for "acts ultra vires," not only against the corporation and its officers, but "those participating therein." Although

the petitioner, not being a stockholder or member of the Cold Storage Association, showed no cause of action in seeking to enjoin that corporation from borrowing money on its own initiative and credit from the Federal Rural Electrification Administration, with which acts he has no concern, his averments and prayers nevertheless, as against general demurrer, stated a cause of action in so far as they related to the participation of the Cold Storage Association in the alleged ultra vires acts of the Electric Membership Corporation, and sought to enjoin participation in those acts. Under the preceding rulings, there is no merit in the special ground of demurrer that there was a misjoinder of parties defendant as to the Cold Storage Association, and that certain allegations failed to show that the petitioner was entitled to any relief against that association. While the special ground of demurrer to paragraph 24, relating to acts by the Cold Storage Association independently of the Electric Membership Corporation, was good, it did not authorize the dismissal of the entire petition without opportunity to amend. *Sutton* v. *Adams*, 180 *Ga.* 48 (4), 71 (178 S. E. 365), and cit.

■ The defendants moved to dismiss the writ of error of the plaintiff from the judgment rendered by the city-court judge, sustaining the demurrers to the petition, on the ground that the case is moot, because the defendants did not intend to do the acts sought to be enjoined, that is, that the Mitchell County Electric Membership Corporation did not intend to borrow money from the Federal Rural Electrification Administration and lend it to the codefendant, the Cold Storage Association, but that the Cold Storage Association intends to borrow such funds directly from the Federal Administration on its own initiative and credit; and that "such renunciation of intention to do the acts complained of in plaintiff's petition were set up in a sworn amendment to defendants' answer, and presented at the interlocutory hearing" on the injunction, held before the judge of the superior court who first acted in the place of the disqualified judge, and who granted the injunction. In a response to the motion, the plaintiff denies the statements that the defendants do not intend to do the acts charged; and sets up, with copies of the defendants' answer, referred to in the motion to dismiss, that the defendants urged the same grounds before the superior-court judge at the interlocutory hearing as reasons for the refusal of the injunction, that the judge found against such conten-

tions, and that no writ of error has been taken from his judgment granting the interlocutory injunction. In the present writ of error from the last judgment sustaining the demurrers and dismissing the action, the plaintiff only attacks the jurisdiction of the judge who rendered that judgment and its correctness. The motion to dismiss is without merit, since the response to the motion denies essential averments of fact. *Jones* v. *Head,* 185 *Ga.* 857 (196 S. E. 725) ; *Jones* v. *Johnson & Ledbetter Co.,* 185 *Ga.* 323, 324 (194 S. E. 902). Furthermore, the motion seeks to raise questions of fact, which were presented at the interlocutory hearing, and which are set forth in the defendant's amended answer. These matters of fact are not determinable on this writ of error, involving only the petition and the demurrers thereto, but would arise on a trial of the issues, in which their previous consideration at the interlocutory hearing would not be res adjudicata. See *Reynolds* v. *Calvert Mortgage Co.,* 146 *Ga.* 534 (91 S. E. 555) ; *Crovatt* v. *Baker,* 130 *Ga.* 507, 511 (2) (61 S. E. 127) ; *Milltown Mfg. Co.* v. *Bray,* 149 *Ga.* 151 (99 S. E. 468). As to the rule where the question decided at the interlocutory hearing was entirely one of law, see *Elyea Inc.* v. *Cenker,* 184 *Ga.* 179 (190 S. E. 585), and cit.

Under the preceding rulings, it was error to dismiss the action on the demurrers, and to dissolve the interlocutory injunction.

*Judgment reversed. All the Justices concur.*