### 20926. MOODY v. THE STATE.

CANDLER, Justice. Clyde Walter Moody was indicted in Cobb County for robbery. The indictment alleges that such act was accomplished by the unlawful use of an offensive weapon, namely, a loaded shotgun. The jury convicted the accused and fixed his punishment at from 4 to 10 years in the penitentiary. He moved for a new trial on the usual general grounds, and later amended his motion by adding another ground, in which he alleges that the court erred in failing

to instruct the jury that they had a right to recommend misdemeanor punishment if they convicted him of the offense charged. He was denied a new trial, and the exception is to that judgment. *Held:*

1. The penal offense of robbery was redefined by an act approved March 7, 1957 (Ga. L. 1957, p. 261). Such act defines and prescribes punishment for four separate and distinct classes of robbery, namely, robbery by force, robbery by use of an offensive weapon, robbery by intimidation, and robbery by sudden snatching. And section 1 thereof in part declares: "The use of or offer to use an offensive weapon, or a weapon likely to produce death when used in its usual and customary manner, or any replica, article or device having the appearance of such weapon, in the taking of personal property from another, shall constitute robbery by use of an offensive weapon."

2. It is argued that a new trial should be granted the accused on the general grounds of his motion, since the evidence fails to show that the shotgun used by him in committing the alleged robbery was "loaded", as the indictment charges. This contention is not meritorious. The allegation that the shotgun used by the accused in effecting the robbery was "loaded" related to no element which was a necessary ingredient of the offense charged, and the word "loaded" can therefore be properly treated as surplusage, so that proof thereof was not necessary. See Bishop New Criminal Procedure § 478; *Tigner v. State,* 119 Ga. 114 (45 S. E. 1001); *Hall v. State,* 120 Ga. 142 (1) (47 S. E. 519); *Shrouder v. State,* 121 Ga. 615 (1) (49 S. E. 702). In the *Hall* case it was unanimously held: "In criminal law an unnecessarily minute description of a necessary fact must be proved as charged; but an unnecessary description of an unnecessary fact need not be proved."

3. Section 2 of an act which was passed in 1939 (Ga. L. 1939, p. 285; Code, Ann., § 27-2501) provides that all felonies under the laws of this State, except robbery by force and fifteen other specified felonies, shall be punished by imprisonment and labor in the penitentiary for the terms provided by law; but on the recommendation of the jury trying the case, when such recommendation is approved by the judge presiding on the trial, said crimes shall be punished as mis-

demeanors. And since robbery by use of an offensive weapon is not one of the excepted felonies which the act of 1939 enumerates, the accused on his trial was therefore entitled to have the judge instruct the jury that it was within their power, in the event of conviction, to recommend misdemeanor punishment for him; and this is true even in the absence of a request for such an instruction. See *Johnson v. State,* 100 Ga. 78 (25 S. E. 940); *Taylor v. State,* 110 Ga. 150 (35 S. E. 161). Hence the special ground of the motion for new trial complaining of the court's failure thus to instruct the jury is meritorious, and such failure requires a reversal of the judgment refusing a new trial.

4. Since the verdict was amply supported by evidence, the general grounds of the motion are without merit.

*Judgment reversed. All the Justices concur.*

SUBMITTED JUNE 13, 1960—DECIDED JULY 7, 1960.

*William H. Burke,* for plaintiff in error.

*Luther C. Hames, Jr.,* Solicitor-General, *Eugene Cook,* Attorney-General, *Rubye G. Jackson,* Assistant Attorney-General, contra.