27198. DAVIS v. THE STATE.

GUNTER, Justice. The appellant was convicted of robbery as defined in former *Code* § 26-2501. His appeal here

enumerates and insists upon two errors alleged to have been committed in the trial court.

First, he contends that the trial judge committed error in failing to instruct the jury that they could recommend misdemeanor punishment on the charge of "robbery by use of an offensive weapon." In support of this contention he relies upon *Moody v. State,* 216 Ga. 192 (115 SE2d 526).

Appellant's contention in this respect is without merit. The 1957 Act (*Code* § 26-2501) prescribes four separate and distinct classes of robbery. Robbery by force is defined as follows: "Personal violence committed against the person of another in the taking of personal property shall constitute robbery by force." Robbery by force is not reducible to a misdemeanor upon the recommendation of mercy by a jury. See Sec. 5 of Ga. L. 1964, p. 483 and *McGregor v. State,* 119 Ga. App. 40 (165 SE2d 915) (1969).

*Moody* is distinguishable from the present case. There the accused was charged with robbery by use of an offensive weapon, a shotgun. Here the accused was charged with robbery by force, the trial judge must have so construed the charge to have been robbery by force, and he properly did not charge that this felony was reducible. Admittedly, there seems to be no good reason for robbery by force not to be reducible and for robbery by use of an offensive weapon to be reducible. Nevertheless, that was the status of the statutes applicable to this case. (Before July 1, 1969, the effective date of the Criminal Code of Georgia).

The other enumerated error complains of a portion of the charge of the court as being an incorrect and erroneous statement of the law since it authorized the jury to convict, based solely on the fact of possession of property of the victim by the accused after the crime was committed.

The complaint made about this portion of the charge in this court is quite different from the complaint made about this portion of the charge in the trial court. The

amended motion for a new trial in the trial court complained of the charge as follows: "As this is a comment on the defendant not testifying under oath and a comment on the defendant making an unsworn statement all in violation of the Fifth and Fourteenth Amendment of the U. S. Constitution." It is readily seen that the error enumerated here does not even faintly resemble the error complained of in the amended motion for a new trial.

Nevertheless, let it be sufficient here to say that we have reviewed the charge in the light of the complaint made in this court concerning it, and, taken in its full context, the charge complained of was not erroneous.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 9, 1972—DECIDED SEPTEMBER 8, 1972.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, Joel M. Feldman, Carter Goode, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, Thomas W. Greene, Deputy Assistant Attorney General,* for appellee.